IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HICKAM FEDERAL CREDIT UNION,<br><br>　　Plaintiff &<br>　　Counterclaim Defendant,<br><br>　vs.<br><br>CUMIS INSURANCE SOCIETY, INC.,<br><br>　　Defendant &<br>　　Third-Party Plaintiff,<br><br>　vs.<br><br>DANIEL KEOMALU,<br><br>　　Third-Party Defendant &<br>　　Counterclaim Plaintiff. | CIVIL NO. 04-00511 JMS BMK<br>CIVIL NO. 05-00510 JMS BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## COUNTERCLAIM DEFENDANT HICKAM FEDERAL CREDIT UNION'S MEMORANDUM IN SUPPORT OF MOTION

Counterclaim Defendant HICKAM FEDERAL CREDIT UNION ("Counterclaim Defendant Hickam") hereby moves for a protective order barring the depositions of Carol Ebia, any other witness scheduled to be deposed between December 21, 2005 and December 31, 2005, and any other witness in this matter scheduled to be deposed without proper notice of such deposition upon Counterclaim Defendant Hickam.

-6-

At approximately 10:38 a.m. on December 20, 2005, counsel for Counterclaim Defendant Hickam learned for the first time that the deposition of Carol Ebia was scheduled to commence at 9:30 a.m. that same day. Declaration of Jeffrey S. Harris ("Harris Decl."), ¶ 2. Counsel for Counterclaim Defendant Hickam had just completed a witness preparation meeting from 8:00 a.m. to 10:30 a.m. for a trial counsel currently is litigating. Counsel for Counterclaim Defendant Hickam opened an e-mail from Duane Miyashiro, sent at 8:23 a.m. on December 20, 2005. Duane Miyashiro was approving a one-hour delay of the already-scheduled deposition. Counsel for Counterclaim Defendant Hickam responded to that e-mail at 10:38 a.m. Harris Decl., ¶ 2, Exh. "A". Included in this e-mail string was a prior e-mail from Plaintiff's counsel, Los Angeles-based Maria Cousineau, who based her request on her airline's mishandling of her luggage.

Rule 30(b)(1) of the Federal Rules of Civil Procedure ("FRCP") requires reasonable notice of a deposition date and time. Pursuant to FRCP 32(a)(3), a deposition may not be used against a party who demonstrates, in a promptly filed motion for a protective order, that it received less than eleven days' notice of a deposition.

Counterclaim Defendant Hickam has not yet received notice of the Deposition of Carol Ebia or any other deponent to date. Harris Decl., ¶ 3. Any depositions scheduled between December 21, 2005 and December 31, 2005 will by

necessity lack eleven days' notice, even if such notice is served today.

Pursuant to the above, Counterclaim Defendant Hickam requests that the deposition of Carol Ebia, any witness scheduled to be deposed between December 21, 2005 and December 31, 2005, and any other witness scheduled to be deposed without notice to Counterclaim Defendant Hickam not be held.

DATED: Honolulu, Hawaii, December 20, 2005.

TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS
ROMAN F. AMAGUIN
JAN MURANAKA BOIVIN
Attorneys for Counterclaim Defendant
HICKAM FEDERAL CREDIT UNION