R. STEVEN GESHELL, 3349
6600 Kalanianaole Hwy., Ste. 116
Honolulu, HI  96825
Tel. No. 808.396.7701
Fax No. 808.395.8556
E-Mail:  geshlaw@lava.net

Attorney for Third-Party Defendant and
  Counterclaim Plaintiff Daniel Keomalu

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HICKAM FEDERAL CREDIT UNION, | CIVIL NO. 04-00511 JMS BMK |
| | CIVIL NO. 05-00510 JMS BMK |
| Plaintiff, | |
| | THIRD-PARTY DEFENDANT AND COUNTERCLAIM PLAINTIFF DANIEL KEOMALU'S OPPOSITION TO THE MOTION OF HICKAM FEDERAL CREDIT UNION TO AMEND THE SCHEDULING ORDER TO ALLOW COUNTERCLAIM DEFENDANT HICKAM FEDERAL CREDIT UNION LEAVE TO FILE IT'S MOTION TO STRIKE AND/OR DISMISS THE THIRD-PARTY DEFENDANT AND COUNTERCLAIM PLAINTIFF DANIEL KEOMALU'S COUNTERCLAIM FILED OCTOBER 28, 2005 |
| vs. | |
| CUMIS INSURANCE SOCIETY, INC., | |
| Defendant & Third-Party Plaintiff, | |
| vs. | |
| DANIEL KEOMALU, | |
| Third-Party Defendant. | |
| | HEARING DATE:  April 6, 2006 |
| | TIME:  9:00 a.m. |
| | MAGISTRATE JUDGE:  BARRY M. KURREN |
| | TRIAL DATE:  June 6, 2006 |

keomafed\opsn amend sch ord 031806

**THIRD-PARTY DEFENDANT AND COUNTERCLAIM PLAINTIFF DANIEL KEOMALU'S OPPOSITION TO THE MOTION OF HICKAM FEDERAL CREDIT UNION TO AMEND THE SCHEDULING ORDER TO ALLOW COUNTERCLAIM DEFENDANT HICKAM FEDERAL CREDIT UNION LEAVE TO FILE IT'S MOTION TO STRIKE AND/OR DISMISS THE THIRD-PARTY DEFENDANT AND COUNTERCLAIM PLAINTIFF DANIEL KEOMALU'S COUNTERCLAIM FILED OCTOBER 28, 2005**

Daniel Keomalu opposes the motion of Hickam Federal Credit Union to amend the scheduling order to allow Hickam Federal Credit Union leave to file its motion to strike and/or dismiss Keomalu's counterclaim against Hickam Federal Credit Union, for each and all of the following reasons:

1. On October 17, 2005, the Court filed an order granting Plaintiff Hickam Federal Credit Union's (Hickam) motion to consolidate these to cases, which motion was filed August 10, 2005. In that order, the Court decided that CUMIS Insurance Society, Inc. (CUMIS) was deemed served September 26, 2005; and CUMIS was given 20 days thereafter in which to respond. This order was conveniently overlooked or intentionally not stated in the motion by Hickam.

2. Also conveniently overlooked and/or intentionally not stated in the motion was the Amended Rule 16 Scheduling Order filed October 25,

2005, which reflected a change in the trial date and other deadlines set on September 26, 2005.

    3.    Since the two cases were joined and the pleadings were not closed, on October 28, 2005, Third-Party Defendant Keomalu filed his Counterclaim against the Plaintiff as he lawfully might, under the new caption with both cases joined, and caused it to be served upon opposing counsel on that date.

    4.    On November 17, 2005, Hickam filed its answer to the Keomalu counterclaim and did not file a motion to strike or dismiss at that time; therefore, it waived any such objection.

    5.    The court file will reflect that when the Scheduling Order was filed on November 18, 2004, Keomalu was not even in the case yet by the Third-Party Complaint filed by CUMIS on April 8, 2005, some five months later.

    6.    The fact that Keomalu did not assert a counterclaim in the answer to the Third-Party Complaint filed July 12, 2005, does not mean that he waived any such counterclaim because such counterclaim was permissible and not mandatory under FRCP Rule 13(a) & (b), where the counterclaim "was the subject of another action pending,".

      7.     At the time Keomalu filed his answer in 2005, there was another action pending between Hickam and Keomalu in State court.

      8.     The State court action proceeded to trial in February of 2006, resulting in the trial judge granting the motion of Hickam and Auyong for a dismissal as a matter of law under Rule 50, HRCP, which is basically a directed verdict against the Plaintiff. However, that judgment has not been entered; and, even if it were, Keomalu is going to appeal that decision to the Hawaii Supreme Court so the judgment will not be final nor constitute *res judicata* nor collateral estoppel or issue preclusion under the following authorities which require that for those doctrines to apply, the decision must be a final judgment on the merits: *Exotics Hawaii-Kona, Inc. vs. E. I. duPont DeMemours*, 104 Haw. 358, 364-365, 90 P.3d 250, 256-257 (2004); *Hoopai vs. Civil Service Commission*, 106 Haw. 205, 224, 103 P.3d 365, 384 (2004); *Eichman vs. Fotomat Corp.*, 759 F.2d 1434, 1439 (9th Cir., 1985); *Tradewind Insurance Company, Ltd. vs. Stout*, 85 Haw. 177, 184, 938 P.2d 1196, 1203 (ICA, 1997); *Lundburg vs. Stinson*, 5 H.A. 394, 399, 695 P.2d 328, 333 (1985).

      9.     The fact that the principal claim has been resolved does not preclude this Court from going forward with the trial on June 6, 2006. *King*

*Fisher Marine Service, Inc. vs. 21st Phoenix Corporation*, 893 F.2d 1155, 1172 (10th Cir., 1990); *Murphy vs. Kodz*, 351 F.2d 163, 167 (9th Cir., 1965); *Pipeliners Local Union No. 798 vs. Ellerd*, 503 F.2d 1193, 1199 (10th Cir., 1974).

Accordingly, it is respectfully submitted that the Hickam motion must be denied.

DATED: Honolulu, Hawaii, this 19th day of March, 2006.

    /s/ R. Steven Geshell
R. STEVEN GESHELL
Attorney for Third-Party Defendant
 and Counterclaim Plaintiff Daniel
 Keomalu