IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HICKAM FEDERAL CREDIT UNION,<br><br>  Plaintiff &<br>  Counterclaim Defendant,<br><br> vs.<br><br>CUMIS INSURANCE SOCIETY, INC.,<br><br>  Defendant &<br>  Third-Party Plaintiff,<br><br> vs.<br><br>DANIEL KEOMALU,<br><br>  Third-Party Defendant &<br>  Counterclaim Plaintiff. | CIVIL NO. 04-00511 JMS BMK<br>CIVIL NO. 05-00510 JMS BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I. **INTRODUCTION**

HFCU asks the Court for leave to permit it to file its "Motion To Dismiss Counterclaim Plaintiff's Counterclaim For Lack Of Supplemental Jurisdiction Or In The Alternative To Stay Counterclaim Plaintiff's Counterclaim Pending Resolution In State Court."

HFCU can demonstrate good cause for the amendment of the Scheduling

620997.V1

Order to allow it to file its motion.  The Court's November 18, 2004 Scheduling Order set an April 8, 2005 deadline for joining or adding parties and for the amendment of pleadings.  The Scheduling Order also set a June 8 and August 10, 2005 deadline for the filing of dispositive and non-dispositive motions, respectively.

On July 12, 2005, Keomalu filed his answer to a Third-Party Complaint filed against him by Cumis Insurance Society ("CUMIS").  Subsequently, on October 28, 2005, Keomalu filed an untimely counterclaim against HFCU without first moving the Court to amend the Scheduling Order and seeking leave to amend his answer.

In addition, on March 16, 2006 Plaintiff HFCU and Defendant CUMIS appeared before the Honorable Judge Kurren and placed the settlement of the claims over which the Court has original jurisdiction on the record.  HFCU could not reasonably been expected to move for dismissal based on lack of supplemental jurisdiction or for a stay of the counterclaim before Plaintiff HFCU and Defendant CUMIS's March 16, 2006 settlement.

A true and correct copy of the motion HFCU intends to file is attached to the Declaration of Counsel as Exhibit "A."

II. **FACTS**

1. On November 18, 2004, the Court filed its Scheduling Order in Civil

No. 04-00511 JMS/BMK. *See* Scheduling Order filed November 18, 2004.

2. The November 18, 2004 Scheduling Order set an April 8, 2005 deadline for joining or adding parties and for the amendment of pleadings. Id.

3. The Scheduling Order also set a June 8, 2005 deadline for the filing of dispositive motions and an August 10, 2005 deadline for the filing of non-dispositive motions. Id.

4. On April 8, 2005, CUMIS filed a "Third-Party Complaint against Daniel Keomalu." *See* "Third-Party Complaint against Daniel Keomalu" filed by CUMIS on April 8, 2005.

5. The Third-Party Complaint was served on Keomalu on May 19, 2005. *See* "Acceptance and Acknowledgment of Service of Third-party Complaint on behalf of third-party defendant Daniel Kemoalu" filed on May 26, 2005.

6. Keomalu answered the Third-Party Complaint on July 12, 2005. *See* Keomalu's "Answer to Third Party Complaint" filed on July 12, 2005.

7. On October 28, 2005, Keomalu filed a "Counterclaim against Hickam Federal Credit Union" and alleged that it "arises out of the transaction or occurrence that is the subject matter of Hickam's claim against CUMIS." *See* "Counterclaim against Hickam Federal Credit Union" filed on October 28, 2005 at ¶5.

8. Keomalu failed to assert the counterclaim in his answer to the Third-

Party Complaint, which he filed on July 12, 2005. Keomalu also failed to move the Court to amend the Scheduling Order and to seek leave to amend his answer. *See* "Counterclaim against Hickam Federal Credit Union" filed on October 28, 2005.

9. On March 16, 2006 Plaintiff HFCU and Defendant CUMIS appeared before the Honorable Judge Kurren and placed the settlement of the claims over which the Court has original jurisdiction on the record. Decl. of Counsel, Exhibit "A."

10. In its proposed motion, HFCU asserts that because the Court has dismissed the claims over which it has original jurisdiction as a result of the settlement between HFCU and CUMIS, the Court should decline to continue exercising jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1367(c). Decl. of Counsel, Exhibit "A."

11. Alternatively, in its proposed motion HFUC asserts that under the *Colorado River* doctrine even if the Court retains supplemental jurisdiction over Keomalu's counterclaim it should issue a stay pending resolution and/or exhaustion of the appeal process available to Keomalu. Decl. of Counsel, Exhibit "A."

12. The arguments raised in the proposed motion could not have been made prior to the expiration of the motions deadline or the settlement of the claims

over which the Court has original jurisdiction. Decl. of Counsel, Exhibit "A."

III. **ARGUMENT**

    A. **KEOMALU'S OCTOBER 28, 2005 COUNTERCLAIM VIOLATED THE SCHEDULING ORDER AND FED. R. CIV. P. 16**

Rule 16(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.) provides that the Court "shall after receiving the report from the parties under Rule 26(f) . . . enter a scheduling order" and that it "shall not be modified except upon a showing of good cause and by leave of the district judge. . . ." Fed. R. Civ. P. 16(b) (emphasis supplied); see Johnson v. Mammoth Recreations, 975 F.2d 604, 607-08 (9th Cir. 1992).

Upon the expiration of the relevant deadline established in a Rule 16 Scheduling Order, a party seeking to amend the expired deadline is required to satisfy Rule 16's "good cause" standard. Id.; see Fed. R. Civ. P. 16 (b)("A schedule shall not be modified except upon a showing of good cause and by leave of the district judge.").

On November 18, 2004, the Court filed its Scheduling Order in the instant case. The November 18, 2004 Scheduling Order set an April 8, 2005 deadline for joining or adding parties and for the amendment of pleadings. The Scheduling Order also set a June 8, 2005 deadline for the filing of dispositive motions and an August 10, 2005 deadline for the filing of non-dispositive motions. See Scheduling Order filed November 18, 2004.

On July 12, 2005, Keomalu answered a Third-Party Complaint filed against him by CUMIS and on October 28, 2005, Keomalu filed an untimely counterclaim against HFCU without filing a motion seeking to amend the Scheduling Order, a prerequisite to filing a motion for leave to amend his counterclaim.

Keomalu violated the Court's Scheduling Order and Fed. R. Civ. P. 16. *See* Doe v. State of Hawai`i, 351 F.Supp.2d 998, 1009 (D.Haw. 2004)("Plaintiffs must not only file a motion to amend their First Amended Complaint, but also file a motion to modify the . . . Rule 16 Scheduling Order.").

Accordingly, HFCU could not have reasonably been expected to have filed its proposed motion prior to the motions deadline set forth in the Scheduling Order and asks the Court for leave to file said motion, a true and correct copy of which is attached to the instant motion as Exhibit "A." *See* Decl. of Counsel, Exhibit "A."

### B. PLAINTIFF HFCU AND CUMIS JUST SETTLED ON MARCH 16, 2006 THE CLAIMS OVER WHICH THE COURT HAD ORIGINAL JURISDICTION

Further, HFCU could not have reasonably been expected to file its proposed motion earlier and prior to the expiration of the motions deadline since the claims over which the Court had original jurisdiction were just settled.

That settlement, between Plaintiff HFCU and Defendant CUMIS, was placed on the record on March 16, 2006, before the Honorable Judge Kurren. Decl. of Counsel, Exhibit "A."

### C.  HFCU HAS SATISFIED RULE 16'S "GOOD CAUSE" STANDARD

HFCU has satisfied the "good cause" standard that applies to the issue whether the Scheduling Order should be amended.  <u>Zirkovic v. Southern Calif. Edison Co.</u>, 302 F.3d 1080, 1087-88 (9th Cir. 2002); <u>Coleman v. Quaker Oats Co.</u>, 232 F.3d 1271, 1294 (9th Cir. 2000).

Keomalu's counterclaim against HFCU was filed on October 28, 2005, after the dispositive and non-dispositive motion deadlines set by the Scheduling Order had expired.

On March 16, 2006 Plaintiff HFCU and Defendant CUMIS appeared before the Honorable Judge Kurren and placed the settlement of the claims over which the Court has original jurisdiction on the record.  Decl. of Counsel, Exhibit "A."

In its proposed motion, HFCU asserts that because the Court has dismissed the claims over which it has original jurisdiction as a result of the settlement between HFCU and CUMIS, the Court should decline to continue exercising jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1367(c).  Decl. of Counsel, Exhibit "A."

Alternatively, in its proposed motion HFUC asserts that under the *Colorado River* doctrine even if the Court retains supplemental jurisdiction over Keomalu's counterclaim it should issue a stay pending resolution and/or exhaustion of the appeal process available to Keomalu.  Decl. of Counsel, Exhibit "A."

The arguments raised in the proposed motion could not have been made earlier and prior to the expiration of the motions deadline. Under Rule 16, HFCU cannot properly file its motion without leave of Court. Decl. of Counsel, Exhibit "A."

Accordingly, HFCU has demonstrated "good cause" for the Court to modify the Scheduling Order to permit HFCU to file its motion, a true and correct copy of which is attached as Exhibit "A."

## IV.  CONCLUSION

For the foregoing reasons, HFCU asks the Honorable Court to grant its motion.

DATED: Honolulu, Hawaii, March 20, 2006.

> TORKILDSON, KATZ, FONSECA,
> MOORE & HETHERINGTON,
> Attorneys at Law, A Law Corporation
>
> /s/ Jeffrey S. Harris
> JEFFREY S. HARRIS
> ROMAN F. AMAGUIN
> Attorneys for Counterclaim Defendant
> HICKAM FEDERAL CREDIT UNION