# EXHIBIT "A"

TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS          2718-0
ROMAN F. AMAGUIN          6610-0
700 Bishop Street, 15th Floor
Honolulu, HI  96813-4187
Telephone:  (808) 523-6000
Facsimile:  (808) 523-6001

Attorneys for Counterclaim Defendant
HICKAM FEDERAL CREDIT UNION

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HICKAM FEDERAL CREDIT UNION,<br><br>　　　　Plaintiff &<br>　　　　Counterclaim Defendant,<br><br>vs.<br><br>CUMIS INSURANCE SOCIETY, INC.,<br><br>　　　　Defendant &<br>　　　　Third-Party Plaintiff,<br><br>vs.<br><br>DANIEL KEOMALU,<br><br>　　　　Third-Party Defendant &<br>　　　　Counterclaim Plaintiff. | CIVIL NO.  04-00511 JMS BMK<br>CIVIL NO. 05-00510 JMS BMK<br><br>NOTICE OF HEARING; COUNTERCLAIM DEFENDANT HICKAM FEDERAL CREDIT UNION'S MOTION TO DISMISS COUNTERCLAIM PLAINTIFF'S COUNTERCLAIM FOR LACK OF SUPPLEMENTAL JURISDICTION OR IN THE ALTERNATIVE TO STAY COUNTERCLAIM PLAINTIFF'S COUNTERCLAIM PENDING RESOLUTION IN STATE COURT; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF COUNSEL; CERTIFICATE OF SERVICE<br><br>DATE:　　_____<br>TIME:　　_____<br>JUDGE:　Hon. J. Michael Seabright |

620947.V1

**EXHIBIT "A"**

## NOTICE OF HEARING

TO:  MICHAEL R. DAVISSON, ESQ.
     MARIA COUSINEAU, ESQ.
     801 South Figueroa Street, 18th Floor
     Los Angeles, CA  90017

     Attorney for Defendant and Third-Party Plaintiff
     CUMIS INSURANCE SOCIETY, INC.


     GREGORY W. KUGLE, ESQ.
     1001 Bishop Street
     1600 Pauahi Tower
     Honolulu, HI  96813

     Co-Counsel for Defendant and Third-Party Plaintiff
     CUMIS INSURANCE SOCIETY, INC.


     R. STEVEN GESHELL, ESQ.
     6600 Kalanianaole Highway, Ste. 116
     Honolulu, HI  96825

     Attorney for Third-Party Defendant and Counterclaim Plaintiff
     DANIEL KEOMALU

     DUANE R. MIYASHIRO, ESQ.
     American Savings Bank Tower
     1001 Bishop Street, Ste. 2200
     Honolulu, HI  96813

     Attorney for Plaintiff
     HICKAM FEDERAL CREDIT UNION

620947.V1                        2

PLEASE TAKE NOTICE that "COUNTERCLAIM DEFENDANT

HICKAM FEDERAL CREDIT UNION'S MOTION TO DISMISS

COUNTERCLAIM PLAINTIFF'S COUNTERCLAIM FOR LACK OF

SUPPLEMENTAL JURISDICTION OR IN THE ALTERNATIVE TO STAY

COUNTERCLAIM PLAINTIFF'S COUNTERCLAIM PENDING

RESOLUTION IN STATE COURT" will be heard before the Honorable Barry M.

Kurren, in his courtroom in the United States Courthouse, PJKK Federal Building,

300 Ala Moana Boulevard, Honolulu, Hawaii, on _____,

_____, at _____ o'clock ____.m., or as soon thereafter as

counsel may be heard.

DATED:  Honolulu, Hawaii, March 20, 2006.

> TORKILDSON, KATZ, FONSECA,
> MOORE & HETHERINGTON,
> Attorneys at Law, A Law Corporation
>
>
> /s/ Jeffrey S. Harris_____
> JEFFREY S. HARRIS
> ROMAN F. AMAGUIN
> Attorneys for Counterclaim Defendant
> HICKAM FEDERAL CREDIT UNION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HICKAM FEDERAL CREDIT UNION, | CIVIL NO. 04-00511 JMS BMK<br>CIVIL NO. 05-00510 JMS BMK |
|         Plaintiff &<br>        Counterclaim Defendant, | COUNTERCLAIM DEFENDANT HICKAM FEDERAL CREDIT UNION'S MOTION TO DISMISS COUNTERCLAIM PLAINTIFF'S COUNTERCLAIM FOR LACK OF SUPPLEMENTAL JURISDICTION OR IN THE ALTERNATIVE TO STAY COUNTERCLAIM PLAINTIFF'S COUNTERCLAIM PENDING RESOLUTION IN STATE COURT |
|     vs. | |
| CUMIS INSURANCE SOCIETY, INC., | |
|         Defendant &<br>        Third-Party Plaintiff, | |
|     vs. | |
| DANIEL KEOMALU, | |
|         Third-Party Defendant &<br>        Counterclaim Plaintiff. | |

COUNTERCLAIM DEFENDANT HICKAM FEDERAL CREDIT
UNION'S MOTION TO DISMISS COUNTERCLAIM PLAINTIFF'S
COUNTERCLAIM FOR LACK OF SUPPLEMENTAL JURISDICTION OR IN
THE ALTERNATIVE TO STAY COUNTERCLAIM PLAINTIFF'S
COUNTERCLAIM
PENDING RESOLUTION IN STATE COURT

       Counterclaim Defendant Hickam Federal Credit Union (hereinafter referred

to as "HFCU"), by and through its counsel, hereby moves the Honorable Court to

dismiss Counterclaim Plaintiff Daniel Keomalu's counterclaim for lack of

supplemental jurisdiction or in the alternative to stay the counterclaim pending

resolution in state court.

This motion is brought pursuant to Rules 7 and 16 of the Federal Rules of Civil Procedure and Rule 7.1 and 7.2 of the local rules, and is based on the attached memorandum and declaration in support of motion, the records and files in this case, and other such reasons which may arise.

DATED:  Honolulu, Hawaii, March 20, 2006.

> TORKILDSON, KATZ, FONSECA,
> MOORE & HETHERINGTON,
> Attorneys at Law, A Law Corporation
>
>
> /s/ Jeffrey S. Harris
> JEFFREY S. HARRIS
> ROMAN F. AMAGUIN
> Attorneys for Counterclaim Defendant
> HICKAM FEDERAL CREDIT UNION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HICKAM FEDERAL CREDIT UNION,<br><br>    Plaintiff &<br>    Counterclaim Defendant,<br><br>  vs.<br><br>CUMIS INSURANCE SOCIETY, INC.,<br><br>    Defendant &<br>    Third-Party Plaintiff,<br><br>  vs.<br><br>DANIEL KEOMALU,<br><br>    Third-Party Defendant &<br>    Counterclaim Plaintiff. | CIVIL NO.  04-00511 JMS BMK<br>CIVIL NO. 05-00510 JMS BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

## I.   **INTRODUCTION**

The Court should dismiss Keomlau's counterclaim because it is no longer appropriate to exercise supplemental jurisdiction over his claims.  Keomlau's counterclaim consists of state law claims between citizens of the State of Hawai'i over which the Court does not have original jurisdiction.  Because the Court has dismissed the claims over which it has original jurisdiction as a result of the

settlement between HFCU and CUMIS, the Court should decline to continue

exercising jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1367(c).

Alternatively, under the *Colorado River* doctrine even if the Court retains

supplemental jurisdiction over Keomalu's counterclaim it should issue a stay

pending resolution and/or exhaustion of the appeal process available to Keomalu.

A stay would be appropriate since "substantial doubt" as to whether the state

proceedings will resolve the federal action does not exist.

## II.    FACTS

1.    Original jurisdiction over Civil No.  04-00511 JMS/BMK and Civil

No. 05-00510 JMS/BMK was founded on diversity of citizenship between HFCU

and CUMIS and an amount in controversy exceeding $75,000 pursuant to 28

U.S.C. §1332.  *See* "Counterclaim against Hickam Federal Credit Union" filed on

October 28, 2005 at ¶6-7.

2.    On April 8, 2005, CUMIS filed a "Third-Party Complaint against

Daniel Keomalu."  *See* "Third-Party Complaint against Daniel Keomalu" filed by

CUMIS on April 8, 2005.

3.    The Third-Party Complaint was served on Keomalu on May 19, 2005.

*See* "Acceptance and Acknowledgment of Service of Third-party Complaint on

behalf of third-party defendant Daniel Kemoalu" filed on May 26, 2005.

4.    Keomalu answered the Third-Party Complaint on July 12, 2005.  *See*

Keomalu's "Answer to Third Party Complaint" filed on July 12, 2005.

5.     On October 28, 2005, Keomalu filed a "Counterclaim against Hickam Federal Credit Union" and alleged that it "arises out of the transaction or occurrence that is the subject matter of Hickam's claim against CUMIS." *See* "Counterclaim against Hickam Federal Credit Union" filed on October 28, 2005 at ¶5.

6.     The counterclaim alleges that HFCU informed Keomalu that he would be "terminated from his position as Vice President of Loans effective June 27, 2003." Counterclaim at ¶13.

7.     The counterclaim asserts that HFCU is liable in common law for terminating Keomalu "in violation of the . . . .clear mandates of public policy" and that the termination violates Hawai'i's Whistleblower's Protection Act, HRS §378-62. Counterclaim at ¶¶12-20.

8.     Both HFCU and Keomalu are citizens of the State of Hawai'i. Decl. of Counsel ¶¶2-3.

9.     Plaintiff HFCU and Defendant CUMIS have settled the actions over which the Court had original jurisdiction. Decl. of Counsel ¶¶4-5.

10.     On March 16, 2006, the Court placed the settlement between Plaintiff HFCU and Defendant CUMIS on the record. Decl. of Counsel. Id.

11.     The remaining counterclaim consists of claims (the common law

public policy claim and the claim that HFCU violated HRS §378-62) identical to

those Keomalu asserted against HFCU in a lawsuit filed in the Circuit Court of the

First Circuit, State of Hawai'i.  Decl. of Counsel ¶¶ 6-7.

12.    On April 21, 2004, Keomalu filed a state court action, <u>Daniel T.</u>

<u>Keomalu v. Hickam Federal Credit Union</u>; et al., Civil No. 04-1-0732-04 (EEH).

Decl. of Counsel ¶¶6-7.

13.    On December 29, 2004, the Honorable Judge Hifo granted summary

judgment on Keomalu's public policy tort claim and on November 30, 2005,

denied Keomalu's motion to reconsider the granting of summary judgment.  Decl.

of Counsel ¶8.

14.    A state court jury trial on the remaining primary claims, Keomalu's

whistleblower claim under HRS §378-62 and a defamation claim commenced on

February 6, 2006.  Decl. of Counsel ¶9.

15.    The state court jury trial ended on February 13, 2006 when the

Honorable Judge Hifo issued a directed verdict in favor of HFCU and against

Keomalu on both claims.  Decl. of Counsel ¶¶9-10.

## III.    **ARGUMENT**

### A.    **THE COURT SHOULD NO LONGER EXERCISE JURISDICTION OVER KEOMALU'S COUNTERCLAIM**

HFCU asks the Court to decline to exercise supplemental jurisdiction over

Keomalu's counterclaim and to dismiss it.

Plaintiff HFCU and Defendant CUMIS have settled the underlying claim in

the instant case.  Decl. of Counsel ¶¶4-5.  On March 16, 2005, the settlement was

placed on the record before the Honorable Judge Kurren.  Id.  Given the settlement

by HFCU and CUMIS of the claims over which the Court had original jurisdiction,

HFCU asks the Court to decline to exercise jurisdiction over Keomalu's

counterclaim pursuant to 28 U.S.C. §1367(c); *see* 28 U.S.C.

§1367(a)(supplemental jurisdiction allows a district court to exercise jurisdiction

over a related claims over which it otherwise lacks jurisdiction).

28 U.S.C. §1367(c) provides that:

> The district courts may decline to exercise supplemental
> jurisdiction over a claim under subsection (a) if –
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or
> claims over which the district court has original
> jurisdiction,
>
> (3) the district court has dismissed all claims over which
> it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other
> compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c)(emphasis supplied); *see* Acri v. Varian Associates, Inc., 114

F.3d 999, 1001 (9th Cir. 1997); Matsuda v. Wada, 128 F.Supp.2d 659, 671 (D.Haw.

2000)("The usual rule in this circuit is that when federal claims are dismissed

before trial . . . pendent state claims also should be dismissed.").

In analyzing whether the Court should continue to exercise supplemental jurisdiction the Ninth Circuit has stated that with respect to the third factor: "We have often repeated, that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." <u>Acri v. Varian Associates, Inc.</u>, 114 F.3d 999, 1001 (9th Cir. 1997), *citing* <u>Carnegie-Mellon v. Cohill</u>, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 619 n.7 (1988).

In the instant case, original jurisdiction over the two cases between Plaintiff HFCU and Defendant CUMIS, Civil No. 04-00511 JMS/BMK and Civil No. 05-00510 JMS/BMK, was founded pursuant to 28 U.S.C. §1332 on diversity of citizenship between HFCU and CUMIS and an amount in controversy exceeding $75,000. *See* "Counterclaim against Hickam Federal Credit Union" filed on October 28, 2005 at ¶6-7.

Plaintiff HFCU and Defendant CUMIS reached a settlement on the two civil lawsuits and on March 16, 2006, the Court placed the settlement between HFCU and CUMIS on the record. Decl. of Counsel ¶¶4-5. The remaining counterclaim consists of state law claims between citizens of the State of Hawai'i over which the Court does not have original jurisdiction. *See* 28 U.S.C. § 1367(a).

Accordingly, because the claims over which the Court has original jurisdiction have been "eliminated," 28 U.S.C. § 1367(c) justifies the Court

declining to continue exercising supplemental jurisdiction over Keomalu's

counterclaim. *See* Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir.

1997); Matsuda v. Wada, 128 F.Supp.2d 659, 671 (D.Haw. 2000).

### B.    VALUES OF ECONOMY, CONVENIENCE, FAIRNESS, AND COMITY ALL SUPPORT DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION

While the fact that settlement of the claims over which the Court exercised

original jurisdiction is sufficient to dismiss Keomalu's counterclaim for lack of

jurisdiction, the values "of economy, convenience, fairness, and comity" further

justify granting HFCU's motion. Acri, 114 F.3d at 1001-1002 ("While discretion

to decline to exercise supplemental jurisdiction over state law claims is triggered

by the presence of one of the conditions in § 1367 (c), it is informed by the Gibbs

values "of economy, convenience, fairness, and comity."); *see also* Matsuda v.

Wada, 128 F.Supp.2d at 671 ("When deciding whether or not to decline

supplemental jurisdiction under the § 1367 (c) factors, a court's decision should

consider the values of economy, convenience, fairness, and comity."); Executive

Software North America, Inc. v. United States District Court, 24 F.3d 1545, 1557

(9th Cir. 1994).

Here, in the state court action the Honorable Judge Hifo granted summary

judgment on Keomalu's public policy tort claim on December 29, 2004, and on

November 30, 2005, denied Keomalu's motion to reconsider the granting of

summary judgment. Decl. of Counsel ¶8.

A state court jury trial on Keomalu's whistleblower claim under HRS §378-62 and a claim for defamation was commenced on February 6, 2006. Decl. of Counsel ¶9. The jury trial ended on February 13, 2006 when the Honorable Judge Hifo issued a directed verdict in favor of HFCU and against Keomalu on both remaining claims. Decl. of Counsel ¶¶9-10.

It would neither be economical nor convenient for this Court to continue to exercise jurisdiction over Keomalu's counterclaim where time and resources have been expended since April of 2004 to litigate identical claims before both Judge Hifo and a jury in state court. On the other hand, this Court has expended very little resources in adjudicating the counterclaim asserted by Keomalu, which had only been recently filed on October 28, 2005.

In addition, fairness considerations justify declining to continue to exercise jurisdiction over the counterclaim. The parties litigated the same claims Keomalu attempts to now assert in this forum. It would be unfair to HFCU for the Court to allow Keomalu to engage in forum shopping and to give Keomalu another opportunity to litigate claims that have already been decided both in state court and by a jury.

Finally, in the interest of comity Hawai'i State and appellate courts should consider the state law claims that Keomalu now asserts in this forum, both of

which present novel issues that have rarely been addressed by state appellate

courts. The state appellate courts should review and/or resolve these important

areas of state law to the extent Plaintiff exercises any right to appeal. Further

simultaneous litigation in this forum could lead to results inconsistent with the

appellate process.

The facts of the instant case are apposite to those in Smith v. Kenney v. State

of Hawai'i, 109 F.Supp. 2d 1271 (D.Haw. 2000). In that case, the Court decided

whether to exercise supplemental jurisdiction over Plaintiff's pendant state law

claims against physicians in their individual capacities or remand them back to

state court. Id. at 1276.

The Court initially held that the Eleventh Amendment barred suit against the

State of Hawai'i and the physicians in their official capacities. Id. at 1277. Only

Plaintiff's state law claims against the physicians in their individual capacities

remained. Id. The Court then declined to exercise supplemental jurisdiction under

Section 1367(c):

> Although a district court may hear pendent claims
> brought under section 1367(a), it has the discretion to
> refuse jurisdiction under section 1367(c). That section
> provides in relevant part:
>
> The district courts may decline to exercise supplemental
> jurisdiction over a claim under subsection (a) if . . . (3)
> the district court has dismissed all claims over which it
> has original jurisdiction, (4) in exceptional
> circumstances, there are other compelling reasons for

9

declining jurisdiction.

The exercise of supplemental jurisdiction would not be appropriate over Plaintiff's remaining state law claims because the efficiency concerns of Section 1367(a) are no longer present. The Court has remanded all claims against the State of Hawaii and the defendant-physicians in their official capacities. <u>Only claims against the defendant-physicians in their individual capacities under Section 1983 remain</u>. The claims to be addressed by the state court will require analysis of the same facts and legal issues present in the state law claims against the defendant-physicians in their individual capacities. Section 1367(a) was enacted with the underlying objective to serve the interests of "economy, convenience, fairness, and comity." See Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th Cir. 1992) (citing Carnegie-Mellon, 484 U.S. at 353); Executive Software of North America, Inc. v. United States District Court, 24 F.3d 1545, 1557 (9th Cir. 1994).

<u>Exercising jurisdiction over Plaintiff's state law claims would provide no efficiency gains</u>. Further, the interests of comity imbedded in Section 1367(a) require the Court to remand Plaintiff's state law claims to be heard along with those others claims herein remanded.

<u>Id.</u> at 1280 (emphasis supplied).

## C.    ALTERNATIVELY, THE COURT SHOULD STAY KEOMALU'S COUNTERCLAIM

Alternatively, even if the Court retains supplemental jurisdiction over Keomalu's counterclaim the *Colorado River* doctrine justifies issuing a stay pending exhaustion of any appeal process available to Keomalu. *See* <u>Smith v. Central Arizona Water Conservation District</u>, 418 F.3d 1028, 1033 (9th Cir. 2005),

*citing* Colorado River Water Conservation District v. United States, 424 U.S. 800, 96 S. Ct. 1236 (1976).

In Smith, the Ninth Circuit articulated the *Colorado River* test for determining whether the Court should issue a stay pending resolution of state court proceedings: "The existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a [Colorado River] stay. Exact parallelism between the state and federal proceedings is not required; however, any substantial doubt is sufficient to preclude a stay." Id. at 1033 (internal quotations and citations omitted).

In the instant case, "substantial doubt" that the state proceedings will resolve the federal action does not exist. In fact, it is very likely that exhaustion of the appeal process in state court will resolve the remaining counterclaim.

The only issues remaining in the federal action are contained in Keomalu's counterclaim. The counterclaim consists of claims identical to those Keomalu asserted against HFCU in his state court lawsuit. The claims have already been fully litigated in front of Judge Hifo and in a jury trial. Once the appeal process has been exhausted the counterclaim will be resolved either in HFCU's favor or the matter will be remanded back to state court. In either case, there would be no reason for the federal court at this time to adjudicate claims that could lead to results inconsistent with the results of the appeal process.

Accordingly, if the Court does not dismiss Keomalu's counterclaim it should issue a stay pending exhaustion of the appeal process.

## IV.   **CONCLUSION**

For the foregoing reasons, HFCU asks the Honorable Court to grant its motion.

DATED:  Honolulu, Hawaii, March 20, 2006.

<div style="margin-left: 40%">

TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation


/s/ Jeffrey S. Harris
JEFFREY S. HARRIS
ROMAN F. AMAGUIN
Attorneys for Counterclaim Defendant
HICKAM FEDERAL CREDIT UNION

</div>

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HICKAM FEDERAL CREDIT UNION, | CIVIL NO.  04-00511 JMS BMK<br>CIVIL NO. 05-00510 JMS BMK |
| Plaintiff & Counterclaim Defendant, | DECLARATION OF COUNSEL |
| vs. | |
| CUMIS INSURANCE SOCIETY, INC., | |
| Defendant & Third-Party Plaintiff, | |
| vs. | |
| DANIEL KEOMALU, | |
| Third-Party Defendant & Counterclaim Plaintiff. | |

DECLARATION OF COUNSEL

I, JEFFREY S. HARRIS, do hereby declare the following under penalty of perjury:

1.     I am an attorney licensed to practice law before all courts of the State of Hawaii and am a shareholder and director with the law firm of Torkildson, Katz, Fonseca, Moore & Hetherington, counsel for record for HICKAM FEDERAL CREDIT UNION in its capacity as Counterclaim Defendant only in the above-

620947.V1

entitled action. I have personal knowledge of the facts stated herein and would competently testify to them if called as a witness.

2. Hickam Federal Credit Union ("HFCU") is a non-profit organization that was organized and operates in and is a citizen of the State of Hawai'i.

3. I understand that Daniel Keomalu is a citizen of the State of Hawai'i.

4. Plaintiff HFCU and Defendant CUMIS have settled Civil No. 04-00511 JMS/BMK and Civil No. 05-00510 JMS/BMK and the only claims remaining in the federal action are contained in Keomalu's counterclaim.

5. On March 16, 2006, the Court placed the settlement between Plaintiff HFCU and Defendant CUMIS on the record.

6. The remaining counterclaim consists of claims (the common law public policy claim and the claim that HFCU violated HRS §378-62) identical to those Keomalu asserted against HFCU in a lawsuit filed in the Circuit Court of the First Circuit, State of Hawai'i.

7. On April 21, 2004, Keomalu filed a state court action, <u>Daniel T. Keomalu v. Hickam Federal Credit Union</u>; et al., Civil No. 04-1-0732-04 (EEH).

8. On December 29, 2004, the Honorable Judge Hifo granted summary judgment on Keomalu's public policy tort claim and on November 30, 2005, denied Keomalu's motion to reconsider the granting of summary judgment.

9. A state court jury trial on the remaining claims, Keomalu's whistleblower

claim under HRS §378-62 and a defamation claim commenced on February 6, 2006.

10. The state court jury trial ended on February 13, 2006 when the Honorable Judge Hifo issued a directed verdict in favor of HFCU and against Keomalu on both claims.

I declare under penalty of law that the foregoing is true and correct.

DATED: Honolulu, Hawaii, March 20, 2006.

/s/ Jeffrey S. Harris
JEFFREY S. HARRIS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HICKAM FEDERAL CREDIT UNION,<br><br>      Plaintiff &<br>      Counterclaim Defendant,<br><br>   vs.<br><br>CUMIS INSURANCE SOCIETY, INC.,<br><br>      Defendant &<br>      Third-Party Plaintiff,<br><br>   vs.<br><br>DANIEL KEOMALU,<br><br>      Third-Party Defendant &<br>      Counterclaim Plaintiff. | CIVIL NO. 04-00511 JMS BMK<br>CIVIL NO. 05-00510 JMS BMK<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 20, 2006, a true and correct copy of the foregoing document was duly served upon the following individuals at either their last known address via U.S. first-class mail, postage prepaid or by electronic mail pursuant to the United States District Court, District of Hawaii CM/ECF Guide as follows:

620947.V1

MICHAEL R. DAVISSON, ESQ.     [via U.S. mail]
MARIA COUSINEAU, ESQ.
801 South Figueroa Street, 18th Floor
Los Angeles, CA 90017

Attorney for Defendant and Third-Party Plaintiff
CUMIS INSURANCE SOCIETY, INC.


GREGORY W. KUGLE, ESQ.     [via email – usdc@hawaiilawyer.com]
1001 Bishop Street
1600 Pauahi Tower
Honolulu, HI 96813

Co-Counsel for Defendant and Third-Party Plaintiff
CUMIS INSURANCE SOCIETY, INC.


R. STEVEN GESHELL, ESQ.     [via email – geshlaw@lava.net,
6600 Kalanianaole Highway, Ste. 116     geshplgl@lava.net]
Honolulu, HI 96825

Attorney for Third-Party Defendant and Counterclaim Plaintiff
DANIEL KEOMALU


DUANE R. MIYASHIRO, ESQ.     [via email – Dmiyashiro@Carlsmith.com]
American Savings Bank Tower
1001 Bishop Street, Ste. 2200
Honolulu, HI 96813

Attorney for Plaintiff
HICKAM FEDERAL CREDIT UNION

DATED:  Honolulu, Hawaii, March 20, 2006.

> TORKILDSON, KATZ, FONSECA,
> MOORE & HETHERINGTON,
> Attorneys at Law, A Law Corporation
>
>
> /s/ Jeffrey S. Harris
> JEFFREY S. HARRIS
> ROMAN F. AMAGUIN
> Attorneys for Counterclaim Defendant
> HICKAM FEDERAL CREDIT UNION

3