TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS          2718-0
(jsh@torkildson.com)
ROMAN F. AMAGUIN          6610-0
(rfa@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI 96813-4187
Telephone: (808) 523-6000
Facsimile: (808) 523-6001

Attorneys for Counterclaim Defendant
HICKAM FEDERAL CREDIT UNION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HICKAM FEDERAL CREDIT UNION,<br><br>      Plaintiff &<br>      Counterclaim Defendant,<br><br>vs.<br><br>CUMIS INSURANCE SOCIETY, INC.,<br><br>      Defendant &<br>      Third-Party Plaintiff,<br><br>vs.<br><br>DANIEL KEOMALU,<br><br>      Third-Party Defendant &<br>      Counterclaim Plaintiff. | CIVIL NO. 04-00511 JMS BMK<br>CIVIL NO. 05-00510 JMS BMK<br><br>COUNTERCLAIM DEFENDANT HICKAM FEDERAL CREDIT UNION'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO AMEND SCHEDULING ORDER TO ALLOW COUNTERCLAIM DEFENDANT HICKAM FEDERAL CREDIT UNION LEAVE TO FILE ITS "MOTION TO STRIKE AND/OR DISMISS THIRD-PARTY DEFENDANT AND COUNTERCLAIM PLAINTIFF DANIEL KEOMALU'S COUNTERCLAIM FILED OCTOBER 28, 2005", FILED MARCH 2, 2006; CERTIFICATE OF SERVICE<br><br>[caption continued on next page] |

621126.V1

|     |     |
| --- | --- |
|     | Hearing Date: April 6, 2006<br>Time: 9:00 a.m.<br>Judge: Hon. Barry M. Kurren |

COUNTERCLAIM DEFENDANT HICKAM FEDERAL CREDIT UNION'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO AMEND SCHEDULING ORDER TO ALLOW COUNTERCLAIM DEFENDANT HICKAM FEDERAL CREDIT UNION LEAVE TO FILE ITS "MOTION TO STRIKE AND/OR DISMISS THIRD-PARTY DEFENDANT AND COUNTERCLAIM PLAINTIFF DANIEL KEOMALU'S COUNTERCLAIM FILED OCTOBER 28, 2005", FILED MARCH 2, 2006

## I. INTRODUCTION

Counterclaim Plaintiff Daniel Keomalu ("Keomalu") bases his opposition to Hickam Federal Credit Union's ("HFCU") "Motion to Amend the Scheduling Order to Allow Counterclaim Defendant Hickam Federal Credit Union Leave to File It's 'Motion to Strike and/or Dismiss the Third-Party Defendant and Counterclaim Plaintiff Daniel Keomalu's Counterclaim Filed October 28, 2005'" ("Motion") on arguments that are irrelevant to the issue whether HFCU has demonstrated "good cause" for the Court to amend the Scheduling Order.

Because HFCU has demonstrated "good cause" to amend the Scheduling Order to allow the filing of its "Motion to Strike and/or Dismiss the Third-Party Defendant and Counterclaim Plaintiff Daniel Keomalu's Counterclaim Filed October 28, 2005" ("Motion to Strike and/or Dismiss"), HFCU asks the Court to grant its Motion.

621126.V1                                           2

## II. ARGUMENT

### A. KEOMALU'S ARGUMENTS ARE IRRELEVANT TO HFCU'S MOTION, WHICH ASKS THE COURT TO AMEND THE SCHEDULING ORDER

Keomalu's arguments are irrelevant to whether HFCU can demonstrate "good cause" to amend the Scheduling Order. First, Keomalu argues that on October 17, 2005 the Court consolidated Civil No. 04-00511 JMS/BMK and Civil No. 05-00510 JMS/BMK, that "the Court decided that CUMIS Insurance Society, Inc. (CUMIS) was deemed served September 26, 2005," and that an "Amended Rule 16 Scheduling Order [was] filed October 25, 2005." Opposition at ¶¶1-3.

Keomalu appears to suggest that the filing of the counterclaim did not violate any deadlines established by the Scheduling Order or that the filing was not improper irrespective of the deadlines set by the Court. However, those arguments do not rebut HFCU's evidence that it was unable to file its Motion to Strike and/or Dismiss before the dispositive motions deadline expired. <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992)(holding Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking to modify the court's scheduling order).

Further, Keomalu's argument justifies granting HFCU's "Motion to Dismiss and/or Stay." CUMIS's "Third-Party Complaint against Daniel Keomalu," filed on April 8, 2005, was the last pleading filed by CUMIS. In its Amended Rule 16 Scheduling Order filed October 25, 2005, the Court did NOT reset either the

amendment of pleadings (April 8, 2005), the dispositive motions (June 8, 2005) or the non-dispositive motions (August 10, 2005) deadlines. Thus, Keomalu was required but failed to seek leave of the Court prior to filing the counterclaim on October 28, 2005.

Second, Keomalu argues that when HFCU filed its answer to the counterclaim HFUC "did not file a motion to strike or dismiss at that time." Opposition at ¶¶4. In its answer, HFCU's third affirmative defense stated that Keomalu's "claims are barred by the applicable statutes of limitations and/or the Court's Scheduling Order." *See* HFCU's Answer to counterclaim filed November 17, 2005.

Keomalu otherwise failed to cite to any legal authority that required HFCU to file its "Motion to Strike and/or Dismiss" with its answer. In fact, absent independent deadlines set by the Court, Fed. R. Civ. P. 16 permits the filing of a motion to dismiss for failing to obey a scheduling order at any time. *See* Fed. R. Civ. P. 16(f)(failure to obey a scheduling order subjects party to sanctions "upon motion or the judge's own initiative").

Third, Keomalu argues that a trial on his counterclaim should proceed because final judgment has not been entered in the state court action and the appeal process, which he intends to initiate and complete, has not been exhausted. Keomalu's argument is irrelevant to whether "good cause" exists to amend the Scheduling Order. Opposition at ¶¶7-9.

Further, Keomalu's expressed intent to exhaust the appeal process in state court on the public policy wrongful termination and HRS Chapter 378 whistleblower claims justifies granting HFCU's "Motion to Dismiss Counterclaim Plaintiff's Counterclaim for Lack Of Supplemental Jurisdiction or in the Alternative to Stay Counterclaim Plaintiff's Counterclaim Pending Resolution in State Court," which HFCU filed on March 20, 2006.

HFCU's other dispositive motion makes clear that the Court should not exercise supplemental jurisdiction since Plaintiff HFCU and Defendant CUMIS have settled the actions over which the Court had original jurisdiction and "substantial doubt" that the state proceedings will resolve the federal action does not exist. *See* "Motion to Dismiss Counterclaim Plaintiff's Counterclaim for Lack Of Supplemental Jurisdiction or in the Alternative to Stay Counterclaim Plaintiff's Counterclaim Pending Resolution in State Court" filed on March 20, 2006.

**B.   HFCU HAS DEMONSTRATED "GOOD CAUSE"**

The Court should grant HFCU's Motion because it has satisfied the "good cause" standard. Zivkovic v. Southern Calif. Edison Co., 302 F.3d 1080, 1087-88 (9th Cir. 2002)("Zivkovic did not demonstrate diligence in complying with the dates set by the district court, and has not demonstrated 'good cause' for modifying the scheduling order, as required by Fed. R. Civ. P. 16(b). Accordingly, the district court did not abuse its discretion in denying Zivkovic's motion to modify the scheduling order."); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir.

2000)("Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings. . . . however, the district court correctly found that it should address the issue under [Rule] 16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired. . . . [The movant] must show good cause for not having amended their complaints before the time specified in the scheduling order expired. . . . This standard primarily considers the diligence of the party seeking the amendment."); Johnson v. Mammoth Recreations, Inc., 975 F.2d at 609 (9th Cir. 1992)(holding Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking to modify the court's scheduling order).

Keomalu's counterclaim against HFCU was filed on October 28, 2005. Keomalu had already answered CUMIS' Third-Party Complaint three and a half months earlier, on July 12, 2005. *See* Keomalu's "Answer to Third Party Complaint" filed on July 12, 2005. The Court set an April 8, 2005 deadline for the amendment of pleadings and an August 10, 2005 deadline for the filing of non-dispositive motions. *See* Scheduling Order filed November 18, 2004. Those expired deadlines had never been reset or pushed back by the Court and Keomalu has never explained the reason for not seeking leave of Court to file the counterclaim between July 12 and August 10, 2005.

Under Rule 16, HFCU is required to seek leave of Court before filing its "Motion to Dismiss and/or Strike" and it could not have reasonably been expected

to file the motion earlier as Keomalu himself violated the Scheduling Order.

The arguments Keomalu makes in his opposition are irrelevant to whether HFCU exercised diligence under the "good cause" standard and only justify dismissing his counterclaim for either violating the Scheduling Order or on the basis that the Court no longer has supplemental jurisdiction. *See* "Motion to Dismiss Counterclaim Plaintiff's Counterclaim for Lack Of Supplemental Jurisdiction or in the Alternative to Stay Counterclaim Plaintiff's Counterclaim Pending Resolution in State Court" filed on March 20, 2006.

No amount of diligence exercised by HFCU would have alerted it to the need to file its "Motion to Strike and/or Dismiss." Accordingly, HFCU has demonstrated "good cause" for the Court to modify the Scheduling Order to permit HFCU to file its "Motion to Strike and/or Dismiss" the counterclaim.

### III. <u>CONCLUSION</u>

For the foregoing reasons, HFCU asks the Honorable Court to grant its Motion.

DATED: Honolulu, Hawaii, March 24, 2006.

> TORKILDSON, KATZ, FONSECA,
> MOORE & HETHERINGTON,
> Attorneys at Law, A Law Corporation
>
> /s/ Roman F. Amaguin
> JEFFREY S. HARRIS
> ROMAN F. AMAGUIN
> Attorneys for Counterclaim Defendant
> HICKAM FEDERAL CREDIT UNION