R. STEVEN GESHELL, 3349
6600 Kalanianaole Hwy., Ste. 116
Honolulu, HI 96825
Tel. No. 808.396.7701
Fax No. 808.395.8556
E-Mail:  geshlaw@lava.net

Attorney for Third-Party Defendant
 and Counterclaim Plaintiff
 Daniel Keomalu

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HICKAM FEDERAL CREDIT UNION, | CIVIL NO. 04-00511 JMS BMK |
| | CIVIL NO. 05-00510 JMS BMK |
| Plaintiff, | |
| | THIRD-PARTY DEFENDANT AND |
| | COUNTERCLAIM PLAINTIFF |
| vs. | DANIEL KEOMALU'S OPPOSITION |
| | TO THE MOTION OF HICKAM |
| CUMIS INSURANCE SOCIETY, INC., | FEDERAL CREDIT UNION TO |
| | AMEND THE SCHEDULING ORDER |
| | TO ALLOW COUNTERCLAIM |
| Defendant & | DEFENDANT HICKAM FEDERAL |
| Third-Party Plaintiff, | CREDIT UNION LEAVE TO FILE |
| | ITS MOTION TO DISMISS |
| vs. | COUNTERCLAIM PLAINTIFF'S |
| | COUNTERCLAIM FOR LACK OF |
| DANIEL KEOMALU, | SUPPLEMENTAL JURISDICTION |
| Third-Party Defendant. | OR, ALTERNATIVELY, TO STAY |
| | COUNTERCLAIM PLAINTIFF'S |
| | COUNTERCLAIM PENDING |
| | RESOLUTION IN STATE COURT |
| | (continued on following page) |



)  TRIAL DATE:  June 6, 2006
)
)  HEARING DATE:  April 5, 2006
)         TIME:  2:00 p.m.
)  JUDGE:  MAGISTRATE JUDGE
)             BARRY M. KURREN

keomafed\opsn amend re dismiss cc 032406

**THIRD–PARTY DEFENDANT AND COUNTERCLAIM PLAINTIFF DANIEL KEOMALU'S OPPOSITION TO THE MOTION OF HICKAM FEDERAL CREDIT UNION TO AMEND THE SCHEDULING ORDER TO ALLOW COUNTERCLAIM DEFENDANT HICKAM FEDERAL CREDIT UNION LEAVE TO FILE ITS MOTION TO DISMISS COUNTERCLAIM PLAINTIFF'S COUNTERCLAIM FOR LACK OF SUPPLEMENTAL JURISDICTION OR, ALTERNATIVELY, TO STAY COUNTERCLAIM PLAINTIFF'S COUNTERCLAIM PENDING RESOLUTION IN STATE COURT**

COMES NOW Daniel Keomalu, Third-Party Defendant and Counterclaim Plaintiff, and opposes Hickam Federal Credit Union's ("Hickam") motion filed March 20, 2006, to amend the scheduling order to allow Hickam to move also to dismiss Keomalu's counterclaim for lack of supplemental jurisdiction or, alternatively, to stay it pending resolution in State court, for each and all of the following reasons:

  1. Keomalu incorporates herein by reference all of the legal and factual reasons stated in his opposition to the earlier, similar motion by Hickam to likewise amend the scheduling order to allow Hickam leave to

file its motion to strike and/or dismiss the Third-party Defendant and Counterclaim Plaintiff Daniel Keomalu's counterclaim. Keomalu's opposition was filed electronically on March 19, 2006, and is identified in these two files as Document No. 275.

2. Hickam failed to seek dismissal of the counterclaim earlier, therefore waived such argument by delaying until now when trial is about two months away.

3. Contrary to Hickam's assertion in ¶ 10, these cases have not yet been dismissed; therefore, that argument is premature.

4. 28 U.S.C. § 1367(c) does not prevent Keomalu's counterclaim going to trial on June 6, 2006, based upon the following cases, some of which are cited by Hickam:

(a) *Acri vs. Varian Associates, Inc.*, 114 F.3d 999, 1000 (9th Cir., 1997), held that:

> "We hold that when there is power to hear the case under § 1367(a), [FN 1] the district court may exercise supplemental jurisdiction over state law claims without *sua sponte* addressing whether it should be declined under § 1367(c). [FN 2] Likewise, we are not required, *sua sponte*, to decide whether the district court abused its discretion under § 1367(c) when neither party has raised the issue."

Therefore, *Acri* actually supports retention of jurisdiction and, according to the unpublished opinion of the Ninth Circuit at 121 F.3d 714, the district court must have retained jurisdiction because the Ninth Circuit again reversed and remanded to the district court for trial on the state claims of implied contract, as well as good faith and fair dealing. Therefore, *Acri* does not support Hickam's argument.

  (b) *Matsuda vs. Wada*, 128 F.Supp.2d 659 (D. Haw., 2000), actually supports denial of the motion because Judge Kay held he had supplemental jurisdiction over the non-admiralty claims alleged in the complaint where Count I had not been dismissed and the other counts related to state law claims of conversion, replevin, declaratory relief, injunctive relief, fraud, and punitive damages. Judge Kay reasoned that based on "economy, convenience, and fairness" all the factors weigh in favor of the Court retaining jurisdiction even if Count I under admiralty is moot and, therefore, the usual rule of dismissal of the pendent claim when the federal claim is dismissed does not apply in that case. Judge Kay also reasoned that: "Dismissing the claims now and sending the parties to another venue would add years to a

case that is already two years old. Furthermore, declining supplemental jurisdiction now would be especially unfair to Plaintiff – although Defendant has the right to challenge jurisdiction at any time in the proceeding, Defendant's 11th hour motion should not be encouraged as a way for a party to avoid trial at the last second if * 672 all other avenues of defense have failed. Defendant has not explained her failure to raise this issue sooner before all parties concerned had invested so much energy and time and money into the lawsuit in federal court. Indeed, in her July 11, 2000 Second Pretrial Statement, Defendant wrote that she 'questions this Court's subject-matter jurisdiction,' yet a month and a half passed before a motion to dismiss for lack of subject matter jurisdiction was filed. For all of these reasons, the court in its discretion will exercise supplemental jurisdiction over Counts II - VII of the Complaint."

(c)     *United States vs. Tropic Seas, Inc.*, 887 F.Supp. 1347 (D. Haw., 1995), declined to abstain from or stay the claim under the Colorado River Doctrine where the state court judgments were on appeal to the Hawaii Supreme Court.

(d)  *Executive Software North America, Inc. vs. U. S. District Court for the Central District of California*, 24 F.3d 1545 (9th Cir., 1994), relied upon by Hickam at p. 7 of its memorandum supporting dismissal, granted *mandamus* to compel the U. S. District Court to retain jurisdiction over the pendent state law claims filed in an employment discrimination case.  In so ruling, the Court said, at p. 1562:

> "We hold that the district court erred by failing to recognize that section 1367(c) provides the exclusive means by which supplemental jurisdiction over pendent claims may be declined if its assertion is permitted by sections 1367(a) and (b).  Furthermore, to the extent that the district court relied on a ground for declining jurisdiction not codified in subsections (c)(1)-(3), the court committed clear error by failing to articulate how the 'exceptional circumstances' and 'compelling reasons' required by subsection (c)(4) were present.  Finally, because the district court failed to provide reasons for its decision to decline supplemental jurisdiction, and the basis is not apparent from the record, we are unable to determine whether the court relied upon permissible grounds when it remanded the pendent claims."

5. The trial court has discretion under 28 U.S.C. § 1367(c) to retain the state law supplemental claim or, in this case, remand it to state court as was done by Judge Gilmore in *Kenney vs. State, et al*, 109 F.Supp.2d 1271, 1280 (D. Haw., 2000).

6. The Colorado River Doctrine does not require abstention as proven by the following cases: *Smith vs. Central Arizona Water Conservation District*, 418 F.3d 1028, 1034 (9th Cir., 2005), cited by Hickam on p. 10 of its memorandum, seeking abstention under the Colorado River Doctrine; and *U. S. vs. Tropic Seas, Inc.*, *supra*, in which Judge King also declined to abstain from deciding the issues when the Colorado River Abstention Doctrine was asserted. For a federal court to abstain under the Colorado River Doctrine requires the Court to find "exceptional circumstances." *Tropic Seas* at 887 F.Supp. 1356-1357. Keomalu argues no such circumstances exist here requiring abstention.

7. Based upon the foregoing authorities, it should be readily apparent to the Court that Hickam will not prevail on its motion to dismiss and, therefore, it is futile to even bother granting the motion to amend the scheduling conference order.

8. Keomalu's counterclaim did not violate the scheduling order and FRCP Rule 16, for all of the reasons set forth in his opposition filed March 19, 2006, which is Document No. 275 in this file, all of which legal and factual reasons are incorporated herein by reference to support denial of the current motion.

Hickam gambled on winning the federal counterclaims in State court, but did not yet have a final decision there. So, *res judicata* and collateral estoppel do not apply. Accordingly, Hickam's motion must be denied.

DATED: Honolulu, Hawaii, this 28th day of March, 2006.

    /s/ R. Steven Geshell
Attorney for Third-Party Defendant and
 Counterclaim Plaintiff
 Daniel Keomalu