IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HICKAM FEDERAL CREDIT UNION,<br><br>    Plaintiff &<br>    Counterclaim Defendant,<br><br>vs.<br><br>CUMIS INSURANCE SOCIETY, INC.,<br><br>    Defendant &<br>    Third-Party Plaintiff,<br><br>vs.<br><br>DANIEL KEOMALU,<br><br>    Third-Party Defendant &<br>    Counterclaim Plaintiff. | CIVIL NO. 04-00511 JMS BMK<br>CIVIL NO. 05-00510 JMS BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I. **INTRODUCTION**

The Court should dismiss Keomlau's counterclaim because it is no longer appropriate to exercise supplemental jurisdiction over his claims. Keomlau's counterclaim consists of state law claims between citizens of the State of Hawai'i over which the Court does not have original jurisdiction. Because the claims over which the Court has original jurisdiction have been settled, the Court should decline to continue exercising jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1367(c).

Alternatively, under the *Colorado River* doctrine even if the Court retains supplemental jurisdiction over Keomalu's counterclaim it should issue a stay pending resolution and/or exhaustion of the appeal process available to Keomalu. A stay would be appropriate since "substantial doubt" as to whether the state proceedings will resolve the federal action does not exist.

**II.   FACTS**

1.   Original jurisdiction over Civil No. 04-00511 JMS/BMK and Civil No. 05-00510 JMS/BMK was founded on diversity of citizenship between Plaintiff HFCU and Defendant Cumis Insurance Society, Inc. ("CUMIS") and an amount in controversy exceeding $75,000 pursuant to 28 U.S.C. §1332. *See* "Counterclaim against Hickam Federal Credit Union" filed on October 28, 2005 at ¶6-7.

2.   On April 8, 2005, CUMIS filed a "Third-Party Complaint against Daniel Keomalu." *See* "Third-Party Complaint against Daniel Keomalu" filed by CUMIS on April 8, 2005.

3.   The Third-Party Complaint was served on Keomalu on May 19, 2005. *See* "Acceptance and Acknowledgment of Service of Third-party Complaint on behalf of third-party defendant Daniel Kemoalu" filed on May 26, 2005.

4.   Keomalu answered the Third-Party Complaint on July 12, 2005. *See* Keomalu's "Answer to Third Party Complaint" filed on July 12, 2005.

5.   On October 28, 2005, Keomalu filed a "Counterclaim against Hickam Federal Credit Union" and alleged that it "arises out of the transaction or

occurrence that is the subject matter of Hickam's claim against CUMIS." *See* "Counterclaim against Hickam Federal Credit Union" filed on October 28, 2005 at ¶5.

6. The counterclaim alleges that HFCU informed Keomalu that he would be "terminated from his position as Vice President of Loans effective June 27, 2003." Counterclaim at ¶13.

7. The counterclaim asserts that HFCU is liable in common law for terminating Keomalu "in violation of the . . . .clear mandates of public policy" and that the termination violates Hawai'i's Whistleblower's Protection Act, HRS §378-62. Counterclaim at ¶¶12-20.

8. Both HFCU and Keomalu are citizens of the State of Hawai'i. Decl. of Counsel ¶¶2-3.

9. Plaintiff HFCU and Defendant CUMIS have settled the actions over which the Court had original jurisdiction and the Court has set a Status Conference for April 5, 2006 to discuss formally executing the written settlement agreement. Decl. of Counsel ¶¶4-5; *see* Minute Order filed by the Court on March 28, 2006.

10. On March 16, 2006, the Court placed the settlement between Plaintiff HFCU and Defendant CUMIS on the record. Decl. of Counsel. <u>Id.</u>

11. The remaining counterclaim consists of claims (the common law public policy claim and the claim that HFCU violated HRS §378-62) identical to those Keomalu asserted against HFCU in a lawsuit filed in the Circuit Court of the

3

First Circuit, State of Hawai'i. Decl. of Counsel ¶¶ 6-7.

12. On April 21, 2004, Keomalu filed a state court action, <u>Daniel T. Keomalu v. Hickam Federal Credit Union</u>; et al., Civil No. 04-1-0732-04 (EEH). Decl. of Counsel ¶¶6-7.

13. On December 29, 2004, the Honorable Judge Hifo granted summary judgment on Keomalu's public policy tort claim and on November 30, 2005, denied Keomalu's motion to reconsider the granting of summary judgment. Decl. of Counsel ¶8.

14. A state court jury trial on the remaining primary claims, Keomalu's whistleblower claim under HRS §378-62 and a defamation claim, commenced on February 6, 2006. Decl. of Counsel ¶9.

15. The state court jury trial ended on February 13, 2006 when the Honorable Judge Hifo issued a directed verdict in favor of HFCU and against Keomalu on both claims and Keomalu has expressed his intent to exhaust his appeals in state court. Decl. of Counsel ¶¶9-10.

### III. <u>ARGUMENT</u>

#### A. **THE COURT SHOULD NO LONGER EXERCISE JURISDICTION OVER KEOMALU'S COUNTERCLAIM UNDER EITHER 28 U.S.C. §1367(c)(3) OR c(4)**

HFCU asks the Court to decline to exercise supplemental jurisdiction over Keomalu's counterclaim and to dismiss it.

    1. The Claims Over Which the Court Had Original Jurisdiction
      Have Been "Eliminated" As a Result of the Settlement

Plaintiff HFCU and Defendant CUMIS have settled the underlying claim in the instant case. Decl. of Counsel ¶¶4-5. On March 16, 2005, the settlement was placed on the record before the Honorable Judge Kurren. Id. Given the settlement by HFCU and CUMIS of the claims over which the Court had original jurisdiction, HFCU asks the Court to decline to exercise jurisdiction over Keomalu's counterclaim pursuant to 28 U.S.C. §1367(c); see 28 U.S.C. §1367(a)(supplemental jurisdiction allows a district court to exercise jurisdiction over a related claims over which it otherwise lacks jurisdiction).

28 U.S.C. §1367(c) provides that:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c)(emphasis supplied); see Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997); Matsuda v. Wada, 128 F.Supp.2d 659, 671 (D.Haw. 2000)("The usual rule in this circuit is that when federal claims are dismissed

before trial . . . pendant state claims also should be dismissed."); <u>Kenney v. State of Hawaii</u>, 109 F.Supp.2d 1271 (D.Haw. 2000); <u>Hays County Guardian v. Supple</u>, 969 F.2d 111, 125 (5th Cir. 1992) (dismissal under 28 U.S.C. §1367(c)(4) appropriate where adjudication of parallel state claims was a "waste" of resources).

In analyzing whether the Court should continue to exercise supplemental jurisdiction the Ninth Circuit has stated that under 28 U.S.C. §1367(c)(3): "We have often repeated, that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." <u>Acri v. Varian Associates, Inc.</u>, 114 F.3d 999, 1001 (9th Cir. 1997), *citing* <u>Carnegie-Mellon v. Cohill</u>, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 619 n.7 (1988); *see* 28 U.S.C. §1367(c)(3).

In the instant case, original jurisdiction over the two cases between Plaintiff HFCU and Defendant CUMIS, Civil No. 04-00511 JMS/BMK and Civil No. 05-00510 JMS/BMK, was founded pursuant to 28 U.S.C. §1332 on diversity of citizenship between HFCU and CUMIS and an amount in controversy exceeding $75,000. *See* "Counterclaim against Hickam Federal Credit Union" filed on October 28, 2005 at ¶6-7.

Plaintiff HFCU and Defendant CUMIS reached a settlement on the two civil lawsuits and on March 16, 2006, the Court placed the settlement between HFCU and CUMIS on the record. Decl. of Counsel ¶¶4-5. The Court has set a Status

Conference for April 5, 2006 to discuss formally executing the written settlement agreement. Id.; *See* Minute Order filed by the Court on March 28, 2006.

It is likely that the written settlement agreement will be executed and the impending formal dismissal of the claims between Plaintiff HFCU and Defendant CUMIS will occur soon. *See* Minute Order filed by the Court on March 28, 2006. The remaining counterclaim consists of state law claims between citizens of the State of Hawai'i over which the Court does not have original jurisdiction. *See* 28 U.S.C. § 1367(a).

Accordingly, because the claims over which the Court has original jurisdiction have essentially been "eliminated," 28 U.S.C. § 1367(c) justifies the Court declining to continue exercising supplemental jurisdiction over Keomalu's counterclaim. *See* Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997); Matsuda v. Wada, 128 F.Supp.2d 659, 671 (D.Haw. 2000).

    2.    Dismissal of the counterclaim is appropriate pursuant to 28 U.S.C. §1367(c)(4)

28 U.S.C. §1367(c)(4) provides that "the district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if – . . . "(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. §1367(c)(4).

In Executive Software North America, Inc. v. United States District Court, 24 F.3d 1545 (9th Cir. 1994)("Executive Software"), the Court vacated the remand order of state law claims only because the lower court did not "articulate

7

circumstances and compelling reasons" for remand as required by 28 U.S.C. §1367(c)(4). Id. at 1562 (holding lower court "failed to provide reasons for its decision to decline supplemental jurisdiction."). Most importantly, the Court articulated the test for a court not exercising jurisdiction under 28 U.S.C. §1367(c)(4)'s "exceptional circumstances" standard. Id. at 1557-1558.

In analyzing 28 U.S.C. §1367(c)(4) the Executive Software Court concluded that "Congress's use of the word `other' to modify `compelling reasons' indicates that what ought to qualify as `compelling reasons' for declining jurisdiction under subsection (c)(4) should be of the same nature as the reasons that gave rise to the categories listed in subsections (c)(1)-(3)." Id. at 1557; see 28 U.S.C. §1367(c)(4).

Further, "`compelling reasons' for the purposes of subsection (c)(4) similarly should be those that lead a court to conclude that declining jurisdiction "best accommodates the values of economy, convenience, fairness, and comity." Id. citing Carnegie-Mellon University v. Cohill, 484 U.S. 343, 351 (1988)("Under Gibbs, a federal court should consider and weigh in each case, at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state law claims.").

Finally, the Court stated that "the inquiry is not particularly burdensome. A court simply must articulate why the circumstances of the care are exceptional in addition to inquiring whether the balance of the Gibbs values provide compelling

8

reasons for declining jurisdiction in such circumstances." Id. at 1558.

In the instant case, "exceptional circumstances" under 28 U.S.C. §1367(c)(4) exist. 28 U.S.C. §1367(c)(4) requires dismissal even if the Court finds that 28 U.S.C. §1367(c)(3) is not triggered by Plaintiff HFCU and Defendant CUMIS' impending formal execution of the release. See Executive Software North America, Inc., 24 F.3d at 1559 n.12, citing Hays County Guardian v. Supple, 969 F.2d 111, 125 (5th Cir. 1992)(finding "exceptional circumstances" and "compelling reasons" existed under subsection (c)(4) where parallel state proceedings commenced and concluding adjudication of state claims in a federal form "would be a pointless waste of judicial resources.").

Such exceptional circumstances include the undisputed facts that only state law claims remain, they are identical to those Keomalu asserted in the state court action, and Keomalu and HFCU are the only parties left in the federal action. Keomalu and HFCU have identical interests in state court and HFCU spent time and resources since April of 2004 to defend against identical claims all the way to a favorable jury verdict.

**B.   VALUES OF ECONOMY, CONVENIENCE, FAIRNESS, AND COMITY ALL SUPPORT DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION**

While the fact that settlement of the claims over which the Court exercised original jurisdiction is sufficient to dismiss Keomalu's counterclaim for lack of jurisdiction, the values "of economy, convenience, fairness, and comity" further

9

justify granting HFCU's motion. Acri, 114 F.3d at 1001-1002 ("While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367 (c), it is informed by the Gibbs values "of economy, convenience, fairness, and comity."); *see also* Matsuda v. Wada, 128 F.Supp.2d at 671 ("When deciding whether or not to decline supplemental jurisdiction under the § 1367 (c) factors, a court's decision should consider the values of economy, convenience, fairness, and comity."); Executive Software North America, Inc. v. United States District Court, 24 F.3d 1545, 1557 (9th Cir. 1994).

Here, in the state court action the Honorable Judge Hifo granted summary judgment on Keomalu's public policy tort claim on December 29, 2004, and on November 30, 2005, denied Keomalu's motion to reconsider the granting of summary judgment. Decl. of Counsel ¶8.

A state court jury trial on Keomalu's whistleblower claim under HRS §378-62 and a claim for defamation was commenced on February 6, 2006. Decl. of Counsel ¶9. The jury trial ended on February 13, 2006 when the Honorable Judge Hifo issued a directed verdict in favor of HFCU and against Keomalu on both remaining claims. Decl. of Counsel ¶¶9-10.

It would neither be economical nor convenient for this Court to continue to exercise jurisdiction over Keomalu's counterclaim where time and resources have been expended since April of 2004 to litigate identical claims before both Judge

Hifo and a jury in state court. On the other hand, this Court has expended very little resources in adjudicating the counterclaim asserted by Keomalu, which had only been recently filed on October 28, 2005. Decl. of Counsel at ¶¶ 6-10.

In addition, fairness considerations justify declining to continue to exercise jurisdiction over the counterclaim. The parties litigated the same claims Keomalu attempts to now assert in this forum. Id. It would be unfair to HFCU for the Court to allow Keomalu to engage in forum shopping and to give Keomalu another opportunity to litigate claims that have already been decided both in state court and by a jury. Id.

Finally, in the interest of comity Hawai'i State and appellate courts should consider the state law claims that Keomalu now asserts in this forum, both of which present novel issues that have rarely been addressed by state appellate courts. The state appellate courts should review and/or resolve these important areas of state law to the extent Plaintiff exercises any right to appeal. Simultaneous litigation in this forum could lead to results inconsistent with the appellate process. Decl. of Counsel ¶ 10.

The facts of the instant case are apposite to those in Kenney v. State of Hawai'i, 109 F.Supp. 2d 1271 (D.Haw. 2000). In that case, the Court decided whether to exercise supplemental jurisdiction over Plaintiff's pendant state law claims against physicians in their individual capacities or remand them back to state court. Id. at 1276.

The Court initially held that the Eleventh Amendment barred suit against the State of Hawai'i and the physicians in their official capacities. <u>Id.</u> at 1277. Only Plaintiff's state law claims against the physicians in their individual capacities remained. <u>Id.</u> The Court then declined to exercise supplemental jurisdiction under Section 1367(c):

> Although a district court may hear pendent claims brought under section 1367(a), it has the discretion to refuse jurisdiction under section 1367(c). That section provides in relevant part:
>
> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction, (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
>
> The exercise of supplemental jurisdiction would not be appropriate over Plaintiff's remaining state law claims because the efficiency concerns of Section 1367(a) are no longer present. The Court has remanded all claims against the State of Hawaii and the defendant-physicians in their official capacities. <u>Only claims against the defendant-physicians in their individual capacities under Section 1983 remain</u>. The claims to be addressed by the state court will require analysis of the same facts and legal issues present in the state law claims against the defendant-physicians in their individual capacities. Section 1367(a) was enacted with the underlying objective to serve the interests of "economy, convenience, fairness, and comity." See Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th Cir. 1992) (citing Carnegie-Mellon, 484 U.S. at 353); Executive Software of North America, Inc. v. United States District Court, 24 F.3d 1545, 1557 (9th Cir. 1994).

> Exercising jurisdiction over Plaintiff's state law claims would provide no efficiency gains. Further, the interests of comity imbedded in Section 1367(a) require the Court to remand Plaintiff's state law claims to be heard along with those others claims herein remanded.

Id. at 1280 (emphasis supplied).

### C.  ALTERNATIVELY, THE COURT SHOULD STAY KEOMALU'S COUNTERCLAIM

Alternatively, even if the Court retains supplemental jurisdiction over Keomalu's counterclaim the *Colorado River* doctrine justifies issuing a stay pending exhaustion of any appeal process available to Keomalu. *See* Smith v. Central Arizona Water Conservation District, 418 F.3d 1028, 1033 (9th Cir. 2005), *citing* Colorado River Water Conservation District v. United States, 424 U.S. 800, 96 S. Ct. 1236 (1976).

In Smith, the Ninth Circuit articulated the *Colorado River* test for determining whether the Court should issue a stay pending resolution of state court proceedings: "The existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a [Colorado River] stay. Exact parallelism between the state and federal proceedings is not required; however, any substantial doubt is sufficient to preclude a stay." Id. at 1033 (internal quotations and citations omitted).

In the instant case, "substantial doubt" that the state proceedings will resolve the federal action does not exist. In fact, it is very likely that exhaustion of the appeal process in state court will resolve the remaining counterclaim.

The only issues remaining in the federal action are contained in Keomalu's counterclaim. The counterclaim consists of claims identical to those Keomalu asserted against HFCU in his state court lawsuit. The claims have already been fully litigated in front of Judge Hifo and in a jury trial. Decl. of Counsel ¶¶7-10.

Keomalu has expressed his intent to appeal in state court. Decl. of Counsel ¶10. Once the appeal process has been exhausted the counterclaim will be resolved either in HFCU's favor or the matter will be remanded back to state court. In either case, there would be no reason for the federal court at this time to adjudicate claims that could lead to results inconsistent with the results of the appeal process.

Accordingly, if the Court does not dismiss Keomalu's counterclaim it should issue a stay pending exhaustion of the appeal process.

## IV.  CONCLUSION

For the foregoing reasons, HFCU asks the Honorable Court to grant its motion.

DATED: Honolulu, Hawaii, March 31, 2006.

TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

/s/ Roman F. Amaguin
JEFFREY S. HARRIS
ROMAN F. AMAGUIN
Attorneys for Counterclaim Defendant
HICKAM FEDERAL CREDIT UNION