R. STEVEN GESHELL, 3349
6600 Kalanianaole Hwy., Ste. 116
Honolulu, HI 96825
Tel. No. 808.396.7701
Fax No. 808.395.8556
E-Mail: geshlaw@lava.net

Attorney for Third-Party Defendant
and Counterclaimant
   Daniel Keomalu

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HICKAM FEDERAL CREDIT UNION, | ) ) ) | CIVIL NO. 04-00511 JMS BMK<br>CIVIL NO. 05-00510 JMS BMK |
| Plaintiff, | ) ) | DANIEL KEOMALU'S<br>MEMORANDUM IN OPPOSITION |
| vs. | ) ) | TO HICKAM FEDERAL CREDIT<br>UNION'S MOTION TO DISMISS |
| CUMIS INSURANCE SOCIETY, INC., | ) ) ) | THE COUNTERCLAIM |
| Defendant &<br>Third-Party Plaintiff, | ) ) ) | TRIAL DATE: June 6, 2006<br><br>HEARING DATE: June 5, 2006 |
| vs. | ) ) | TIME: 9:00 a.m.<br>JUDGE: HONORABLE J. MICHAEL |
| DANIEL KEOMALU, | ) | SEABRIGHT |
| Third-Party Defendant<br>& Counterclaimant | ) ) | |

keomafed\opsn  hfcu  mtn dismiss 050406

**DANIEL KEOMALU'S MEMORANDUM IN OPPOSITION TO
HICKAM FEDERAL CREDIT UNION'S MOTION TO DISMISS
THE COUNTERCLAIM**

Daniel Keomalu, Third-Party Defendant and Counterclaim Plaintiff,

opposes the motion of Hickam Federal Credit Union to dismiss Keomalu's

counterclaim, for each and all of the following reasons:

1.    Case No. 04-00511 was removed from the First Circuit Court

of the State of Hawaii.

2.    Case No. 05-00510 was filed directly in this Court based on

diversity between Hickam Federal Credit Union (Hickam) and CUMIS

Insurance Society, Inc. (CUMIS).

3.    CUMIS filed a third-party complaint against Keomalu April 8,

2005, which was served May 19, 2005.

4.    Keomalu answered the third-party complaint on July 12, 2005.

5.    On October 17, 2005, the Court filed an order granting Plaintiff

Hickam Federal Credit Union's (Hickam) motion to consolidate these to

cases, which motion was filed August 10, 2005.  In that order, the Court

decided that CUMIS Insurance Society, Inc. (CUMIS) was deemed served

September 26, 2005; and CUMIS was given 20 days thereafter in which to

respond.  This order was conveniently overlooked or intentionally not stated

in the motion by Hickam.

6.    Also conveniently overlooked and/or intentionally not stated in the motion was the Amended Rule 16 Scheduling Order filed October 25, 2005, which reflected a change in the trial date and other deadlines set on September 26, 2005.

7.    Since the two cases were joined and the pleadings were not closed, on October 28, 2005, Third-Party Defendant Keomalu filed his Counterclaim against the Plaintiff as he lawfully might, under the new caption with both cases joined, and caused it to be served upon opposing counsel on that date.

8.    On November 17, 2005, Hickam filed its answer to the Keomalu counterclaim and did not file a motion to strike or dismiss at that time; therefore, it waived any such objection.

9.    The court file will reflect that when the Scheduling Order was filed on November 18, 2004, Keomalu was not even in the case yet by the Third-Party Complaint filed by CUMIS on April 8, 2005, some five months later.

10.    The fact that Keomalu did not assert a counterclaim in the answer to the Third-Party Complaint filed July 12, 2005, does not mean that he waived any such counterclaim because such counterclaim was

3

permissible and not mandatory under FRCP Rule 13(a) & (b), where the counterclaim "was the subject of another action pending,".

11. At the time Keomalu filed his answer in 2005, there was another action pending between Hickam and Keomalu in State court.

12. The State court action proceeded to trial in February of 2006, resulting in the trial judge granting the motion of Hickam and Auyong for a dismissal as a matter of law under Rule 50, HRCP, which is basically a directed verdict against the Plaintiff. Judgment in the state court action was filed and Rule 54(b) certified on April 6, 2006. Keomalu appealed that decision to the Hawaii Supreme Court on April 7, 2006, so the judgment will not be final nor constitute *res judicata* nor collateral estoppel or issue preclusion under the following authorities which require that for those doctrines to apply, the decision must be a final judgment on the merits: *Exotics Hawaii-Kona, Inc. vs. E. I. duPont DeMemours*, 104 Haw. 358, 364-365, 90 P.3d 250, 256-257 (2004); *Hoopai vs. Civil Service Commission*, 106 Haw. 205, 224, 103 P.3d 365, 384 (2004); *Eichman vs. Fotomat Corp.*, 759 F.2d 1434, 1439 (9th Cir., 1985); *Tradewind Insurance Company, Ltd. vs. Stout*, 85 Haw. 177, 184, 938 P.2d 1196, 1203 (ICA, 1997); *Lundburg vs. Stinson*, 5 H.A. 394, 399, 695 P.2d 328, 333 (1985).

13.    The fact that the principal claim has been resolved does not preclude this Court from going forward with the trial of this case. *King Fisher Marine Service, Inc. vs. 21st Phoenix Corporation*, 893 F.2d 1155, 1172 (10th Cir., 1990); *Murphy vs. Kodz*, 351 F.2d 163, 167 (9th Cir., 1965); *Pipeliners Local Union No. 798 vs. Ellerd*, 503 F.2d 1193, 1199 (10th Cir., 1974).

14.    Contrary to Hickam's assertion, these cases have not yet been dismissed; therefore, that argument is premature.

15.    28 U.S.C. § 1367(c) does not prevent Keomalu's counterclaim going to trial on June 6, 2006, based upon the following cases, some of which are cited by Hickam:

(a)    *Acri vs. Varian Associates, Inc.*, 114 F.3d 999, 1000 (9th Cir., 1997), held that:

> "We hold that when there is power to hear the case under § 1367(a), [FN 1] the district court may exercise supplemental jurisdiction over state law claims without *sua sponte* addressing whether it should be declined under § 1367(c). [FN 2] Likewise, we are not required, *sua sponte*, to decide whether the district court abused its discretion under § 1367(c) when neither party has raised the issue."

Therefore, *Acri* actually supports retention of jurisdiction and, according to the unpublished opinion of the Ninth Circuit at 121 F.3d 714, the district court must have retained jurisdiction because the Ninth Circuit again reversed and remanded to the district court for trial on the state claims of implied contract, as well as good faith and fair dealing.  Therefore, *Acri* does not support Hickam's argument.

(b)    *Matsuda vs. Wada*, 128 F.Supp.2d 659 (D. Haw., 2000), actually supports denial of the motion because Judge Kay held he had supplemental jurisdiction over the non-admiralty claims alleged in the complaint where Count I had not been dismissed and the other counts related to state law claims of conversion, replevin, declaratory relief, injunctive relief, fraud, and punitive damages.  Judge Kay reasoned that based on "economy, convenience, and fairness" all the factors weigh in favor of the Court retaining jurisdiction even if Count I under admiralty is moot and, therefore, the usual rule of dismissal of the pendent claim when the federal claim is dismissed does not apply in that case.  Judge Kay also reasoned that:  "Dismissing the claims now and sending the parties to another venue would add years to a case that is already two years old.  Furthermore, declining supplemental

6

jurisdiction now would be especially unfair to Plaintiff – although

Defendant has the right to challenge jurisdiction at any time in the

proceeding, Defendant's 11th hour motion should not be encouraged

as a way for a party to avoid trial at the last second if * 672 all other

avenues of defense have failed.  Defendant has not explained her

failure to raise this issue sooner before all parties concerned had

invested so much energy and time and money into the lawsuit in

federal court.  Indeed, in her July 11, 2000 Second Pretrial Statement,

Defendant wrote that she 'questions this Court's subject-matter

jurisdiction,' yet a month and a half passed before a motion to dismiss

for lack of subject matter jurisdiction was filed. For all of these

reasons, the court in its discretion will exercise supplemental

jurisdiction over Counts II - VII of the Complaint."

      (c)     *United States vs. Tropic Seas, Inc.*, 887 F.Supp. 1347 (D.

Haw., 1995), declined to abstain from or stay the claim under the

Colorado River Doctrine where the state court judgments were on

appeal to the Hawaii Supreme Court.

      (d)     *Executive Software North America, Inc. vs. U. S. District

Court for the Central District of California*, 24 F.3d 1545 (9th Cir.,

7

1994), relied upon by Hickam at p. 7 of its memorandum supporting

dismissal, granted *mandamus* to compel the U. S. District Court to

retain jurisdiction over the pendent state law claims filed in an

employment discrimination case.  In so ruling, the Court said, at

p. 1562:

> "We hold that the district court erred by failing to
> recognize that section 1367(c) provides the exclusive means by
> which supplemental jurisdiction over pendent claims may be
> declined if its assertion is permitted by sections 1367(a) and (b).
> Furthermore, to the extent that the district court relied on a
> ground for declining jurisdiction not codified in subsections
> (c)(1)-(3), the court committed clear error by failing to articulate
> how the 'exceptional circumstances' and 'compelling reasons'
> required by subsection (c)(4) were present.  Finally, because the
> district court failed to provide reasons for its decision to decline
> supplemental jurisdiction, and the basis is not apparent from the
> record, we are unable to determine whether the court relied
> upon permissible grounds when it remanded the pendent
> claims."

16.    The trial court has discretion under 28 U.S.C. § 1367(c) to

retain the state law supplemental claim or, in this case, remand it to state

court as was done by Judge Gilmore in *Kenney vs. State, et al*,

109 F.Supp.2d 1271, 1280 (D. Haw., 2000).

17.    The Colorado River Doctrine does not require abstention as

proven by the following cases:  *Smith vs. Central Arizona Water*

8

*Conservation District*, 418 F.3d 1028, 1034 (9th Cir., 2005), cited by

Hickam on p. 10 of its memorandum, seeking abstention under the Colorado

River Doctrine; and *U. S. vs. Tropic Seas, Inc.*, *supra*, in which Judge King

also declined to abstain from deciding the issues when the Colorado River

Abstention Doctrine was asserted.  For a federal court to abstain under the

Colorado River Doctrine requires the Court to find "exceptional

circumstances." *Tropic Seas* at 887 F.Supp. 1356-1357.  Keomalu argues no

such circumstances exist here requiring abstention.

18.    Keomalu's counterclaim did not violate the scheduling order

and FRCP Rule 16, for all of the reasons set forth in his opposition filed

March 19, 2006, which is Document No. 275 in this file, all of which legal

and factual reasons are incorporated herein by reference to support denial of

the current motion.

19.    Keomalu appealed the state court action to the Hawaii Supreme

Court on April 7, 2006 (Exhibit 1).  Therefore, the decisions on the claims in

State Court between Hickam and Keomalu are not final.

20.    At this writing, no settlement has been concluded in the

principal claims between Hickam and CUMIS.  Therefore, it is premature to

even consider or even entertain this motion.

9

21.    Hickam cites *Kenney vs. State of Hawaii*, 109 F.Supp.2d 1271 (D.Haw., 2000), in support of its motion when, in fact, that opinion remanded to the state court the state law claims rather than dismissing them. Therefore, alternatively, if anything in this case, the Court could remand these claims to state court for further litigation rather than dismissing these claims in the counterclaim.

22.    Hickam also cites and relies upon *Smith vs. Central Arizona Water Conservation District*, *supra*.  In reality, that court held that the district court properly refused to stay or dismiss the action under the Colorado River Doctrine.  418 F.3d at 1034.  Therefore, Hickam's reliance upon the *Smith* case is clearly misplaced in requesting a stay.

Accordingly, it is respectfully submitted that Hickam's motion must be denied or, alternatively, the counterclaim must be remanded to state court, but certainly not dismissed nor stayed pending further proceedings in this case and in state court.

DATED:  Honolulu, Hawaii, this 9th day of May, 2006.

/s/  R. Steven Geshell
R. STEVEN GESHELL
Attorney for Third-Party Defendant and
Counterclaimant
 Daniel Keomalu