TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS          2718-0
ROMAN F. AMAGUIN          6610-0
700 Bishop Street, 15th Floor
Honolulu, HI 96813-4187
Telephone: (808) 523-6000
Facsimile: (808) 523-6001

Attorneys for Counterclaim Defendant
HICKAM FEDERAL CREDIT UNION

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HICKAM FEDERAL CREDIT UNION,<br><br>        Plaintiff &<br>        Counterclaim Defendant,<br><br>    vs.<br><br>CUMIS INSURANCE SOCIETY, INC.,<br><br>        Defendant &<br>        Third-Party Plaintiff,<br><br>    vs.<br><br>DANIEL KEOMALU,<br><br>        Third-Party Defendant &<br>        Counterclaim Plaintiff. | CIVIL NO. 04-00511 JMS BMK<br>CIVIL NO. 05-00510 JMS BMK<br><br>COUNTERCLAIM DEFENDANT HICKAM FEDERAL CREDIT UNION'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNTERCLAIM PLAINTIFF'S COUNTERCLAIM FOR LACK OF SUPPLEMENTAL JURISDICTION OR IN THE ALTERNATIVE TO STAY COUNTERCLAIM PLAINTIFF'S COUNTERCLAIM PENDING RESOLUTION IN STATE COURT, FILED MARCH 31, 2006; CERTIFICATE OF SERVICE<br><br>DATE:    June 5, 2006<br>TIME:    9:00 a.m.<br>JUDGE:  Hon. J. Michael Seabright |

COUNTERCLAIM DEFENDANT HICKAM FEDERAL CREDIT UNION'S
REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
COUNTERCLAIM PLAINTIFF'S COUNTERCLAIM FOR LACK OF
SUPPLEMENTAL JURISDICTION OR IN THE ALTERNATIVE TO STAY
COUNTERCLAIM PLAINTIFF'S COUNTERCLAIM PENDING
RESOLUTION IN STATE COURT, FILED MARCH 31, 2006

## I.    INTRODUCTION

In his "Memorandum in Opposition to Hickam Federal Credit Union's

Motion to Dismiss the Counterclaim (hereinafter the "opposition")," Counterclaim

Plaintiff Daniel Keomalu (hereinafter "Keomalu") makes three arguments against

the Court granting Counterclaim Defendant Hickam Federal Credit Union's

(hereinafter "HFCU") Motion To Dismiss Counterclaim Plaintiff's Counterclaim

For Lack Of Supplemental Jurisdiction Or In The Alternative To Stay

Counterclaim Plaintiff's Counterclaim Pending Resolution In State Court, Filed

March 31, 2006 (hereinafter "Motion to Dismiss").

First, Keomalu argues that HFCU waived its jurisdictional defense.  Second,

Keomalu argues that the judgment entered against him in Daniel T. Keomalu v.

Hickam Federal Credit Union; et al., Civil No. 04-1-0732-04 (EEH) is not "final"

until his appeal to the Hawai'i Supreme Court has been decided.  Third, Keomalu

argues that the Court in the instant case has not yet formally dismissed the claims

over which it had original jurisdiction and therefore granting HFCU's Motion to

Dismiss would be premature.

Keomalu's arguments should be rejected and the Court should grant

HFCU's Motion to Dismiss, because:

1.    Lack of jurisdiction over a matter is not a waivable defense.

Nevertheless, HFCU filed its Motion to Dismiss approximately two weeks after

Plaintiff HFCU and Defendant Cumis Insurance Society, Inc. ("CUMIS") placed

their settlement on the record;

2.    Under the plain language of 28 U.S.C. § 1367(c), the Court's decision

whether to dismiss or stay Keomalu's counterclaim does not depend on the status

of Keomalu's Hawai'i Supreme Court appeal; and

3.    Even if the Court has not formally dismissed the claims over which it

had original jurisdiction, which would permit dismissal under 28 U.S.C.

§1367(c)(3), "compelling reasons" under 28 U.S.C. §1367(c)(4) justify dismissal.

Alternatively, even if the Court retains supplemental jurisdiction over Keomalu's

counterclaim it should issue a stay pending resolution and/or exhaustion of the

appeal process available to Keomalu under the *Colorado River* doctrine.  A stay

would be appropriate since "substantial doubt" as to whether the state proceedings

will resolve the identical claims asserted in federal court does not exist.

## II.    ARGUMENT

### A.    A LACK OF JURISDICTION DEFENSE CAN BE RAISED AT ANY TIME AND COUNTER CLAIM HFCU FILED ITS MOTION TO DISMISS SHORTLY AFTER PLAINTIFF HFCU AND CUMIS SETTLED THEIR CASE

In his opposition, Keomalu argues HFCU "waived" its argument that the

Court no longer has supplemental jurisdiction over his counterclaim, because

HFCU "did not a file a motion to strike or dismiss at [the] time [HFCU filed its

3

answer, November 17, 2005." Opposition at ¶1-8.

Keomalu's argument lacks merit. A party may question whether the Court has jurisdiction over claims filed in federal court at any time. *See* Yang v. Shalala, 22 F.3d 213, 216 N.4 (9th Cir. 1994)("A party may question the existence of subject matter jurisdiction at any time during the proceedings."); *see also* Fed. R. Civ. P. 12(h)(3)("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Lack of jurisdiction over a matter "is not a waivable defense." Brown v. Philadelphia Housing Auth., 350 F.3d 338, 346-347 (3d Cir. 2003)(holding consent of jurisdiction "of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings.").

In fact, "the federal courts themselves . . . have a continuing obligation to investigate their jurisdiction over the matters before them." Golden v. Golden, 382 F.3d 348, 354 (3d Cir. 2004)(holding issue whether court has jurisdiction "may be raised by any party at any time during litigation of the dispute."); *see also* Brown v. Philadelphia Housing Auth., 350 F.3d at 346-347.

On October 28, 2005, Keomalu filed his counterclaim against HFCU. *See* "Counterclaim against Hickam Federal Credit Union" filed on October 28, 2005 at ¶5. The counterclaim asserts strictly state law claims against HFCU.

4

Counterclaim at ¶12-20.

On March 16, 2006 Plaintiff HFCU and Defendant CUMIS appeared before the Honorable Judge Kurren and placed on the record the settlement of the claims over which the Court had original jurisdiction. *See* Decl. of Counsel to HFCU's Motion to Dismiss at ¶4-5. HFCU filed its Motion to Dismiss approximately two weeks after the settlement was placed on the record. Id.

HFCU asserts in its Motion to Dismiss that the Court should decline to continue exercising jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1367(c)(3) and (4). See Motion to Dismiss at 5-9. Alternatively, HFUC asserts that even if the Court retains supplemental jurisdiction over Keomalu's counterclaim it should issue a stay pending resolution and/or exhaustion of the appeal process available to Keomalu in state court under the *Colorado River* doctrine. Id. at 13-14.

The arguments raised in HFCU's Motion to Dismiss could not have reasonably been made prior to the settlement between Plaintiff HFCU and Defendant CUMIS. Id. Accordingly, HFCU asks the Court to dismiss Keomalu's counterclaim for lack of jurisdiction.

**B.    KEOMALU'S ARGUMENTS THAT FINAL JUDGMENT ON HIS STATE LAW ACTIONS IS NOT RES JUDICATA AND THAT COLLATERAL ESTOPPEL IS INAPPLICABLE ARE IRRELEVANT TO THE COURT'S ANALYSIS**

In his opposition, Keomalu states that the "State court action proceeded to trial in February of 2006," that "judgment in the state court action was filed and

Rule 54(b) certified on April 6, 2006," and that "Keomalu appealed that decision to the Hawaii Supreme Court on April 7, 2006." Opposition at ¶12. Keomalu argues that the state court judgment entered against him is not "final" and therefore dismissal of his federal counterclaim would be improper. Id.

Keomalu does not dispute that the counterclaim asserts claims identical to those in Daniel T. Keomalu v. Hickam Federal Credit Union; et al., Civil No. 04-1-0732-04 (EEH)(hereinafter the "state court action"), and that he fully intends to exhaust his appeal rights as the dismissal of the claims are now on appeal to the Hawai'i Supreme Court. Id. See Decl. of Counsel to Motion to Dismiss at ¶¶6-7.

Keomalu's argument that "the [state court] judgment will not be final nor constitute [sic] res judicata nor collateral estoppel or issue preclusion," is irrelevant to the determination whether the Court should dismiss the counterclaim. Specifically, 28 U.S.C. §1367(c) provides that:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c)(emphasis supplied).

6

By its plain language, 28 U.S.C. §1367(c) does not require an analysis

whether *res judicata* or *collateral estoppel* applies to the directed verdict against

Keomalu in the state court action. *See* Acri v. Varian Associates, Inc., 114 F.3d

999, 1001 (9th Cir. 1997)("In the usual case in which all federal-law claims are

eliminated before trial, the balance of factors . . . will point toward declining to

exercise jurisdiction over the remaining state-law claims).

Accordingly, the settlement by HFCU and CUMIS of the claims over which

the Court had original jurisdiction justifies dismissing the counterclaim under

either 28 U.S.C. §1367(c)(3) or (4). Whether or not Section 1367(c)(3) or (c)(4)

applies depends only upon whether the dismissal of the claims over which the

Court had original jurisdiction has been entered by the time it hears HFCU's

Motion to Dismiss. *See* 28 U.S.C. §1367(a)(supplemental jurisdiction allows a

district court to exercise jurisdiction over a related claims over which it otherwise

lacks jurisdiction).

### C.    KEOMALU'S ARGUMENT THAT DISMISSAL IS INAPPROPRIATE BECAUSE THE SETTLED CLAIMS HAVE NOT BEEN DISMISSED LACKS MERIT

Keomalu argues that HFCU's Motion to Dismiss "is premature."

Opposition at ¶¶15-17. 28 U.S.C. §1367(c)(4) provides that "the district courts

may decline to exercise supplemental jurisdiction over a claim under subsection (a)

if – . . . "(4) in exceptional circumstances, there are other <u>compelling reasons</u> for

declining jurisdiction. 28 U.S.C. §1367(c)(4)(emphasis supplied).

In <u>Executive Software North America, Inc. v. United States District Court</u>, 24 F.3d 1545 (9th Cir. 1994)("Executive Software"), the Court held that "'compelling reasons' for the purposes of subsection (c)(4) similarly should be those that lead a court to conclude that declining jurisdiction "best accommodates the values of economy, convenience, fairness, and comity." <u>Id.</u> at 1557.

Here, Keomalu's "premature" argument is based solely on the fact that the settlement between Plaintiff HFCU and CUMIS, which was placed on the record, has not been formalized and therefore the Court has not filed a dismissal notice. Regardless, "exceptional circumstances" and "compelling reasons" under 28 U.S.C. §1367(c)(4) <u>do</u> exist and require dismissal of the counterclaim *See* <u>Executive Software North America, Inc.</u>, 24 F.3d at 1559 n.12, *citing* <u>Hays County Guardian v. Supple</u>, 969 F.2d 111, 125 (5th Cir. 1992)(finding "exceptional circumstances" and "compelling reasons" existed under subsection (c)(4) where parallel state proceedings commenced and concluding adjudication of state claims in a federal form "would be a pointless waste of judicial resources.").

Keomlau does not dispute that his counterclaim consists of only state law claims and that they are identical to those Keomalu asserted in the state court action. *See* Motion to Dismiss, Decl. of Counsel at ¶¶6-10.

Further, Keomalu and HFCU are the only parties left in the federal action and vast amounts of time and resources have been expended since April of 2004 to litigate the identical claims in state court, which are now on appeal to the Hawai'i

Supreme Court. *See* Motion to Dismiss at 8, *citing* <u>Carnegie-Mellon University v. Cohill</u>, 484 U.S. 343, 351 (1988)("Under Gibbs, a federal court should consider and weigh in each case, at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state law claims.").

Alternatively, even if the Court retains supplemental jurisdiction over Keomalu's counterclaim the *Colorado River* doctrine justifies issuing a stay pending exhaustion of any appeal process available to Keomalu. *See* <u>Smith v. Central Arizona Water Conservation District</u>, 418 F.3d 1028, 1033 (9th Cir. 2005)(holding abstention not appropriate where "substantial doubt" whether state court proceedings will resolve federal action exists), *citing* <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800, 96 S. Ct. 1236 (1976).

Under the test articulated by the <u>Smith</u> Court "substantial doubt" that the state proceedings will resolve the federal action does <u>not</u> exist. Keomalu, in fact, concedes that by appealing the dismissal of the identical claims to the Hawai'i Supreme Court the appellate process will be exhausted. <u>Id.</u>; *see also* <u>Attwood v. Mendocino Coast District Hospital</u>, 886 F.2d 241, 242-243 (9th Cir. 1989)(where federal complaint contained same claims as those asserted in state court complaint, Plaintiff conceded that *Colorado River* doctrine was properly invoked, because state court proceedings would resolve federal complaint issues).

Accordingly, even if the Court does not dismiss the counterclaim, under either 28 U.S.C. §1367(c)(3) or (4), it should issue a stay of proceedings since there would be no reason for the federal court at this time to adjudicate claims that could lead to results inconsistent with the results of the appeal process.

### D.    THE CASES TO WHICH KEOMALU CITES DO NOT SUPPORT HIS ARGUMENT THAT A FEDERAL TRIAL ON THE COUNTERCLAIM SHOULD PROCEED

Keomalu cites to several other cases that analyze the issues of supplemental jurisdiction and abstention. Opposition at ¶15. Keomalu argues that the cases support his argument that "28 U.S.C. §1367(c) does not prevent Keomalu's counterclaim going to trial." Opposition at ¶15. Keomalu mischaracterizes the holdings of the cases to which he cites.

In <u>Acri v. Varian Associates, Inc.</u>, 114 F.3d 999 (9th Cir. 1997), Plaintiff sued his former employer, Varian Associates, in state court and alleged both federal and state causes of action. <u>Id.</u> at 999. Defendant removed the action and the lower court granted summary judgment on both the state and federal claims. <u>Id.</u> Plaintiff appealed the dismissal of the state law claims, but not the federal claims. <u>Id.</u> Thus, only the state law claims were before the Ninth Circuit on appeal. <u>Id.</u>

The Ninth Circuit held that:

> No matter how much we might have preferred a reasoned consideration of the § 1367(c) factors in this case (as in all cases), the district court here was not without jurisdiction over the state law claims and was not

> required to consider sua sponte whether to decline to
> continue to exercise that jurisdiction. Beyond that, <u>we
> have no sua sponte obligation to ensure that the
> discretionary retention of supplemental jurisdiction, to
> which no one has objected, was prudent</u>.

<u>Id.</u> (emphasis supplied).

Thus, the narrow holding of <u>Acri</u>, which addressed whether the Ninth Circuit should continue to decide the merits of the appeal of strictly state law claims, does not support Keomalu's argument that dismissal and/or a stay of the proceedings is inappropriate.  Further, <u>Acri</u> makes clear that HFCU is properly moving the Court to dismiss Keomalu's counterclaim for lack of supplemental jurisdiction since an inherent duty to address jurisdictional issues is <u>not</u> imposed on the Court.  <u>Acri</u>, 114 F.3d at 1001; <i>see</i> Opposition at ¶15(a).

<u>Matsuda v. Wada</u>, 128 F.Supp.2d 659 (D.Haw. 2000) does not support Keomalu's argument that a federal trial on his state law claims should go forward or that HFUC "waived" its argument.  <i>See</i> Opposition at ¶15(b).  In <u>Matsuda</u>, Plaintiff filed a complaint in federal court.  The Court asserted subject matter jurisdiction pursuant to 28 U.S.C. §1333(1) over Count I, which was an admiralty claim.  <u>Id.</u> at 670 ("The Court . . . finds that Plaintiff's claim . . . asserted a claim under the Court's admiralty jurisdiction.").

After determining that original jurisdiction existed over Count I, the Court decided "whether to exercise supplemental jurisdiction over those claims upon which it lacks original jurisdiction."  <u>Id.</u>  The Court reiterated that where "federal

claims are dismissed before trial . . . [the] state claims also should be dismissed." Id. at 671; see 28 U.S.C. §1367(c)(3). The Court stated supplemental jurisdiction over the state claims did exist since the federal claim, Count I, had not been dismissed. Id.

Finally, the Court noted that if it assumed Count I was "moot" it would not dismiss the state law claims, only because Defendant unreasonably waited to file its motion raising the issue of jurisdiction, declining jurisdiction would have wasted resources spent litigating the case in federal court, and it would be unfair to Plaintiff. Id. at 671-672. Thus, the Court found that "the values of economy, convenience, and fairness all favor this Court's retention of jurisdiction." Id. at 671-672.

In the instant case, Plaintiff HFCU and Defendant CUMIS settled the claims over which the Court had original jurisdiction, but not until March 16, 2006. See HFCU's Motion to Amend Scheduling Order at 1-5. HFCU filed its Motion to Dismiss shortly thereafter. HFCU could not have reasonably filed its Motion to Dismiss or Stay Pending Resolution in State Court any sooner than it did.

HFCU would be prejudiced should the Court order this case to go to trial. A great deal of time and resources have already been expended in the state court action, which Keomalu filed in April of 2004, has already been litigated before a jury, and is now on appeal with the Hawai'i Supreme Court. See Decl. of Counsel at ¶¶7-10.

While Keomalu's assertion that in <u>United States v. Tropic Seas, Inc.</u>, 887

F.Supp. 1347 (D.Haw. 1995) the Court "declined to abstain from or stay the claim .

. . where the state court judgments were on appeal to the Hawaii Supreme Court,"

and that in <u>Smith v. Central Arizona Water Conservation Dist.</u>, 418 F.3d 1028, (9th

Cir. 2005) the Court likewise declined to abstain from adjudicating a case, the facts

in <u>Tropic Seas, Inc.</u> and <u>Smith</u> were completely inapposite to this case.  Opposition

at ¶¶15, 17.

Specifically, in <u>Tropic Seas, Inc.</u> the company attempted to evict tenants by

filing a breach of contract action in state court.  The tenants counterclaimed and

alleged that Tropic Seas, Inc. violated state and federal housing laws.  <u>Id.</u> at 1355.

Meanwhile, the federal Housing and Urban Development ("HUD") agency sued

Tropic Seas, Inc., Defendant Thayer, and the individual members of the Board of

Directors in federal court and asserted violations of federal law.  <u>Id.</u> at 1356.

The federal court determined that it would not abstain from adjudicating the

federal action.  First, Plaintiff HUD was <u>not</u> involved in the state action.  Second,

the HUD had asserted claims under <u>federal law</u>.  <u>Id.</u> at 1357 ("There is less reason

to defer to a state court interpretation of federal law than to a state court

interpretation of state law.").

Finally, the Court found "most significant [the] . . . interests of the United

States in the federal action" and that "the government's interests . . . are not the

same as [the tenants in the state court action.]".  <u>Id.</u>  The interests of Plaintiff HUD

included that of the federal government is vindicating a "public interest". <u>Id.</u>

Likewise, in <u>Smith</u> the Court did not abstain because ""the pending state court action . . . involve[ed] claims distinguishable from those presented in the federal action." Indeed, unlike this case, federal claims were asserted in the federal action, which were distinct from those asserted in the state action. Therefore, there was "substantial doubt" that the state proceedings would resolve the action in federal court. <u>Smith</u>, 418 F.3d at 1032.

In the instant case, only state law claims remain in the federal action. The counterclaim is identical to Keomalu's in the state court action. Keomalu and HFCU are the only parties left in the federal action and they have identical interests in state court. <u>Kenney v. State of Hawai'i</u>, 109 F.Supp. 2d 1271, 1280 (D.Haw. 2000)("Section 1367(a) was enacted with the underlying objective to serve the interests of `economy, convenience, fairness, and comity.' . . . <u>Exercising jurisdiction over Plaintiff's state law claims would provide no efficiency gains.</u> Further, the interests of comity imbedded in Section 1367(a) require the Court to remand Plaintiff's state law claims.") (emphasis supplied).

Accordingly, the Court should grant HFCU's Motion to Dismiss and either dismiss the counterclaim or issue a stay pending resolution in State Court.

III.   **CONCLUSION**

    For the foregoing reasons, HFCU asks the Court to grant its Motion to

Dismiss.

    DATED:  Honolulu, Hawaii, May 24, 2006.

                        TORKILDSON, KATZ, FONSECA,
                        MOORE & HETHERINGTON,
                        Attorneys at Law, A Law Corporation


                        /s/ Roman F. Amaguin
                        JEFFREY S. HARRIS
                        ROMAN F. AMAGUIN
                        Attorneys for Counterclaim Defendant
                        HICKAM FEDERAL CREDIT UNION