R. STEVEN GESHELL, 3349
6600 Kalanianaole Hwy., Ste. 116
Honolulu, HI 96825
Tel. No. 808.396.7701
Fax No. 808.395.8556
E-Mail: geshlaw@lava.net
  Attorney for Third-Party Defendant
  and Counterclaimant
    Daniel Keomalu

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HICKAM FEDERAL CREDIT UNION, | CIVIL NO. 04-00511 JMS BMK<br>CIVIL NO. 05-00510 JMS BMK |
| Plaintiff, | DANIEL KEOMALU'S SUPPLEMENTAL MEMORANDUM |
| vs. | RESPONDING TO HICKAM FEDERAL CREDIT UNION'S |
| CUMIS INSURANCE SOCIETY, INC., | SUPPLEMENTAL REPLY MEMORANDUM, FILED JULY 14, 2006 IN DOCUMENT NO. 308; |
| Defendant &<br>Third-Party Plaintiff, | DECLARATION OF R. STEVEN GESHELL; EXHIBIT 1;<br>CERTIFICATE OF SERVICE |
| vs. | HEARING DATE: August 14, 2006 |
| DANIEL KEOMALU, | TIME: 9:00 a.m. |
| Third-Party Defendant<br>& Counterclaimant | JUDGE: HONORABLE J. MICHAEL SEABRIGHT |

keomafed\supl rsp mtn dismiss cc 072606


**DANIEL KEOMALU'S SUPPLEMENTAL MEMORANDUM
RESPONDING TO HICKAM FEDERAL CREDIT UNION'S
SUPPLEMENTAL REPLY MEMORANDUM, FILED JULY 14, 2006
IN DOCUMENT NO. 308**

The Court should stay deciding and eventually deny Counterclaim Defendant Hickam Federal Credit Union's Motion to Dismiss the Counterclaim of Daniel Keomalu for all of the following reasons:

1. Procedurally, the stipulation for dismissal filed June 14, 2006, is defective and ineffective in that all parties to the action did not sign the dismissal as required by Federal Rules of Civil Procedure (FRCP) Rule 41(a)(1)(ii). That document is Document No. 307, filed June 14, 2006 in Civil No. 04-00511 JMS-BMK.

2. Hickam's reliance upon 28 U.S.C. § 1367(c) as a basis for dismissal has already been discussed and argued at length in Keomalu's opposition to Hickam's dismissal motion, which opposition was filed and dated May 9, 2006 and appears in Document No. 298 in Civil No. 04-00511 JMS-BMK.

3. Keomalu's argument in that pleading is incorporated herein by reference for the proposition that the cases cited in there do not prevent Keomalu from proceeding with his counterclaim in this court, even if the original claim between Hickam and CUMIS has been dismissed or is in the process of being dismissed. 28 U.S.C. § 1367(c) is a discretionary provision, not necessarily requiring dismissal of the counterclaim even

though other claims may have been dismissed or disposed of by the Court. For all of these reasons, therefore, the Court should deny the motion and continue to exercise supplemental jurisdiction over the counterclaim and set this case for trial. The case law cited in Keomalu's opposition filed May 9, 2006 represents valid reasons for denying the motion and the Court asserting jurisdiction over the counterclaim.

      4.     On July 27, 2006, Keomalu filed a Chapter 7 petition in the United States Bankruptcy Court for the District of Hawaii. Exhibit 1 for a copy of the Notice of Bankruptcy Case Filing in BK No. 06-00523. The automatic-stay provisions of 11 U.S.C. § 362, together with 11 U.S.C. § 108 and Rule 6009 of the Bankruptcy Rules apply to future judicial action to enable the trustee to decide what should be done with this case, the state court litigation in First Circuit Court, and the appeal pending in the Intermediate Court of Appeals of the State of Hawaii.

Therefore, it is respectfully submitted that hearing on the motion to dismiss must be stayed under the Bankruptcy Code, and eventually denied after the bankruptcy trustee decides what action he will take in this case.

DATED: Honolulu, Hawaii, this 28th day of July, 2006.

            /s/  R. Steven Geshell
R. STEVEN GESHELL
Attorney for Third-Party Defendant
 and Counterclaimant
  Daniel Keomalu