TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS         2718-0
 (jsh@torkildson.com)
ROMAN F. AMAGUIN          6610-0
 (rfa@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI  96813-4187
Telephone:  (808) 523-6000
Facsimile:  (808) 523-6001

Attorneys for Counterclaim Defendant
HICKAM FEDERAL CREDIT UNION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HICKAM FEDERAL CREDIT UNION,<br><br>    Plaintiff &<br>    Counterclaim Defendant,<br><br>vs.<br><br>CUMIS INSURANCE SOCIETY, INC.,<br><br>    Defendant &<br>    Third-Party Plaintiff,<br><br>vs.<br><br>DANIEL KEOMALU,<br><br>    Third-Party Defendant &<br>    Counterclaim Plaintiff. | CIVIL NO. 04-00511 JMS BMK CIVIL NO. 05-00510 JMS BMK<br><br>COUNTERCLAIM DEFENDANT HICKAM FEDERAL CREDIT UNION'S SECOND SUPPLEMENTAL REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNTERCLAIM PLAINTIFF'S COUNTERCLAIM FOR LACK OF SUPPLEMENTAL JURISDICTION OR IN THE ALTERNATIVE TO STAY COUNTERCLAIM PLAINTIFF'S COUNTERCLAIM PENDING RESOLUTION IN STATE COURT, FILED MARCH 31, 2006; CERTIFICATE OF SERVICE<br><br>**[caption continued on next page]** |

|  | DATE: August 14, 2006 |
|---|---|
|  | TIME: 9:00 a.m. |
|  | JUDGE: Hon. J. Michael Seabright |

COUNTERCLAIM DEFENDANT HICKAM FEDERAL CREDIT UNION'S SECOND SUPPLEMENTAL REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNTERCLAIM PLAINTIFF'S COUNTERCLAIM FOR LACK OF SUPPLEMENTAL JURISDICTION OR IN THE ALTERNATIVE TO STAY COUNTERCLAIM PLAINTIFF'S COUNTERCLAIM PENDING RESOLUTION IN STATE COURT, FILED MARCH 31, 2006

I. **ARGUMENT**

In his Supplemental Memorandum Responding To Hickam Federal Credit Union's Supplemental Reply Memorandum Filed July 14, 2006 In Document No. 308, filed July 28, 2006 ("Supplemental Memorandum in Opposition"), Third-Party Defendant and Counterclaimant Daniel Keomalu ("Keomalu") states that on "July 27, 2006, Keomalu filed a Chapter 7 petition in the United States Bankruptcy Court for the District of Hawaii." Supplemental Memorandum in Opposition at ¶4.

Keomalu argues that the "automatic-stay provisions of 11 U.S.C. §362, together with 11 U.S.C. §108 and Rule 6009 of the Bankruptcy Rules apply to future judicial action to enable the trustee to decide what should be done with this case . . . " Supplemental Memorandum in Opposition at ¶4.

Keomalu further argues that "it is respectfully submitted that hearing on the motion to dismiss must be stayed under the Bankruptcy Code." Supplemental Memorandum in Opposition at ¶4.

11 U.S.C. §362(a)(1) provides in pertinent part that "a petition . . . operates as a stay, applicable to all entities, of (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor. . ." 11 U.S.C. §362(a)(1).

The key issue is whether the granting of a motion to dismiss a prepetition lawsuit filed by the debtor is an action or proceeding against the debtor that would violate the automatic stay. The clear rule in this circuit is that the automatic stay does <u>not</u> apply to lawsuits initiated by the debtor. <u>White v. City of Santee</u>, 186 B.R. 700 (9th Cir. 1995) (holding "the automatic stay is inapplicable to suits by the bankrupt"); <u>Merrick v. Whitmore</u>, 175 B.R. 333 (9th Cir. 1994) (holding "an equitable principle of fairness requires a defendant to be allowed to defend himself [against a prepetition lawsuit]. . . the automatic stay should not tie the hands of a defendant while the plaintiff debtor is given free rein to litigate.").

In <u>Merrick</u>, on March 5, 1990, the debtor brought an action against Errol Jay Gordon ("Gordon") and several other defendants in state court. In January of 1992, the defendants, including Gordon, filed motions for summary judgment. 175 B.R. at 334. On March 30, 1992, prior to the hearing and without having responded to the motions for summary judgment, the debtor filed for chapter 7 bankruptcy. <u>Id.</u> The debtor's motion to take the proceedings off the calendar was denied and after a hearing conducted on April 16, 1992 the Court dismissed the debtor's lawsuit. <u>Id.</u> at 335.

On September 14, 1992, the trustee for the debtor filed complaints in bankruptcy court against Gordon and the other defendants and alleged that they violated the automatic stay. The trustee offered to dismiss the complaints against each defendant if they agreed to vacate the state court judgment against the debtor. Id. Gordon did not agree to vacate the judgment and the bankruptcy court granted summary judgment against Gordon on the trustee's complaint. Id.

The Ninth Circuit reversed. Id. at 336-337. The Court stated that the "automatic stay is a means of preserving the status quo for the trustee or the debtor. However, this primary objective is inapplicable to the trustee's offensive action, which need not be attended by a stay." Id. at 336. Further:

> This distinction is the basis for language in the various subsections of § 362(a), where the statute uses the language "against the debtor," § 362(a)(1); "against property of the estate," § 362(a)(2); or "to exercise control over property of the estate," § 362(a)(3). It is most unlikely that a contention by a defendant that the trustee's claim is unfounded can be equated with exercising dominion or control over property of the estate.

Id. (emphasis supplied).

Finally, in reversing the trustee's summary judgment motion against Gordon the Court concluded:

> [W]e could find no case that supports the proposition that the automatic stay prevents a defendant from continuing to defend against a pre-bankruptcy lawsuit. To the contrary, there is substantial authority that the stay is inapplicable to postpetition defensive action in a prepetition suit brought by the debtor. The following

4

portion of an opinion authored by Judge Posner is pertinent:

> "For in any event the automatic stay is inapplicable to suits by the bankrupt ("debtor," as he is now called). This appears from the statutory language . . . and from the policy behind the statute, which is to protect the bankrupt's estate from being eaten away by creditors' lawsuits and seizures of property before the trustee has had a chance to marshal the estate's assets and distribute them equitably among the creditors. . . . The fundamental purpose of bankruptcy, from the creditors' standpoint, is to prevent creditors from trying to steal a march on each other, . . . , and the automatic stay is essential to accomplishing this purpose. There is, in contrast, no policy of preventing persons whom the bankrupt has sued from protecting their legal rights."

Id. at 336-337 (emphasis supplied), *quoting* Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n., 892 F.2d 575, 577 (7th Cir. 1989). *See also* Crosby v. Monroe County, 394 F.3d 1328, 1331 (11th Cir. 2004); Matter of U. S. Abatement Corp., 39 F.3d 563, 568 (5th Cir. 1994); Brown v. Armstrong, 949 F.2d 1007, 1009 (8th Cir. 1991); Trans Caribbean Lines, Inc. v. Tracor Marine, Inc., 49 B.R. 360, 362 (S.D. Fla. 1985).

Accordingly, once the stipulation for dismissal of the claims over which the Court has original jurisdiction is fully executed Counterclaim Defendant asks that the Court grant its motion and dismiss Keomalu's counterclaim for lack of supplemental jurisdiction.

## II. CONCLUSION

Counterclaim Defendant asks the Court to grant its motion and dismiss Keomalu's counterclaim for lack of supplemental jurisdiction once the stipulation for dismissal of the claims over which the Court has original jurisdiction is fully executed.

DATED: Honolulu, Hawaii, August 7, 2006.

                TORKILDSON, KATZ, FONSECA,
                MOORE & HETHERINGTON,
                Attorneys at Law, A Law Corporation


                /s/ Roman F. Amaguin
                JEFFREY S. HARRIS
                ROMAN F. AMAGUIN
                Attorneys for Counterclaim Defendant
                HICKAM FEDERAL CREDIT UNION