R. STEVEN GESHELL, 3349
6600 Kalanianaole Hwy., Ste. 116
Honolulu, HI 96825
Tel. No. 808.396.7701
Fax No. 808.395.8556
E-Mail: geshlaw@lava.net

Attorney for Counterclaim Plaintiff
  Daniel T. Keomalu

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HICKAM FEDERAL CREDIT UNION, | CIVIL NO. 04-00511 JMS BMK |
| | CIVIL NO. 05-00510 JMS BMK |
| Plaintiff, | COUNTERCLAIM PLAINTIFF DANIEL KEOMALU'S |
| vs. | MEMORANDUM RESPONDING TO HICKAM FEDERAL CREDIT |
| CUMIS INSURANCE SOCIETY, INC., | UNION'S SECOND SUPPLEMENTAL REPLY MEMORANDUM FILED AUGUST 7, |
| Defendant & Third-Party Plaintiff, | 2006 IN DOCUMENT NO. 312; DECLARATION OF R. STEVEN GESHELL; EXHIBIT 1 |
| vs. | TRIAL DATE: June 6, 2006 |
| DANIEL KEOMALU, | |
| Third-Party Defendant & Counterclaimant. | HEARING DATE: Canceled by Court JUDGE: J. MICHAEL SEABRIGHT |

keomacir\memo rsp hfcu 2nd sup reply 080906

COUNTERCLAIM PLAINTIFF DANIEL KEOMALU'S
MEMORANDUM RESPONDING TO HICKAM FEDERAL CREDIT UNION'S
SECOND SUPPLEMENTAL REPLY MEMORANDUM FILED
AUGUST 7, 2006 IN DOCUMENT NO. 312

1.      Hickam Federal Credit Union's (Hickam's) sole reliance upon the cases applying 11 U.S.C. § 362 to the facts and circumstances of this case is incomplete, misapprehends and misapplies the principles of bankruptcy law to this case in an attempt to convince the Court that the Court is able to proceed without the Keomalu's bankruptcy trustee being before the Court in this case.  Clearly, the bankruptcy trustee steps into the shoes of the debtor who, in this case, is in the position of a plaintiff in the counterclaim against Hickam.  Keomalu's counterclaim against Hickam is property of the estate under 11 U.S.C. § 541(a)(1).  As such, at this stage of the bankruptcy proceedings, the trustee needs to decide whether to pursue the claim as property of the estate for the benefit of creditors and the debtor or to abandon the claim.  Clearly, at this stage of the bankruptcy proceeding, the first meeting of creditors has not even been held and is presently scheduled for August 30, 2006 at 10:00 a.m.  See the Notice of Chapter 7 Bankruptcy First Meeting of Creditors attached as Exhibit 1.  Abundant case authority supports the proposition that Keomalu's counterclaim against Hickam constitutes property of the estate once the Chapter 7 petition was filed.  *In re Bronner*, 135 B.R. 645, 647 (9th Cir. BAP, 1992); *In re Mozer*, 302 B.R. 892, 897 (D. C. C. D. Cal., 2003); *In re Allen*, 179 B.R. 818 (Bkcy. E. D.Tex., 1995).

Where the bankruptcy trustee has not yet decided what to do with the asset of the estate, the debtor is not in any position nor authorized to prosecute or settle a claim that became property of the bankruptcy estate. *In re Rothwell*, 159 B.R. 374 (Bkcy., Mass., 1993).

    2.    Where a claim against a third party is property of the estate under 11 U.S.C. § 541(a)(1), it may only be pursued by the trustee. *Bickford vs. Ponce de Leon Care Center*, 918 F.Supp. 377 (D. C. M. D. Fla., 1996). Under those circumstances, the trustee should properly be substituted as the party plaintiff or, in this case, as the counterclaim plaintiff under Rules 17(a) and 25(c) of the Federal Rules of Civil Procedure. *Bickford*, *supra*. This is so because the trustee has the capacity to sue and be sued under 11 U.S.C. § 323.

    3.    Under Bankruptcy Rule 6009, the trustee may, with or without court approval, prosecute and enter an appearance and defend any action or proceeding or commence and prosecute any action or proceeding on behalf of the estate.

    4.    Under 11 U.S.C. § 108(b), the trustee is given at least sixty (60) days after an order for relief in which to file any pleading, cure a default, or perform any similar act in a non-bankruptcy proceeding. That section is designed to enable the trustee to have 60 days to preserve the interests of the debtor's estate. *In re G-N Partners*, 48 B.R. 462, 467 (Bkcy., Minn., 1985).

5.   Under these circumstances, the trustee must be given an opportunity to decide what to do with this case, as it is property of the estate.  No notice has been given to the bankruptcy trustee of the motion for dismissal for lack of supplemental jurisdiction.  This, therefore, means that if the Court proceeds and dismisses the action, the trustee will be deprived of property of the estate without due process of law in violation of the Fifth Amendment to the United States Constitution.  Certainly, the Court would not want that to occur.  Clearly, under *United States vs. James Daniel Good Real Property*, 510 U. S. 43, 48, 114 S.Ct. 492, 498 (1993), in compliance with the Due Process Clause of the Fifth Amendment, "individuals must receive notice and an opportunity to be heard before the Government deprives them of property."  *Accord*, *Dusenbery vs. United States*, 534 U. S. 161, 167, 122 S.Ct. 694, 699 (2002).  The requirements of due process also apply to all proceedings, even involving disposition of property of bankruptcy.  *In re Westway Ford, Inc.*, 170 B.R. 101 (Bkcy. S. D. Tex., 1994).

6.   Certainly, no reasonable person would quarrel with the concept that not only our legislature but our trial and appellate courts are required to accord litigants due process of law and equal protection of the laws.  *In re Lum Yip Kee*, 32 Haw. 385 (1932); *In re Smythe*, 592 N.W.2d 628, 632 (Wis., 1999).  Our Hawaii Supreme Court has recognized that due process contains both procedural

and substantive components. *State vs. Mallan*, 86 Haw. 440, 950 P.2d 178 (1998). Where a fundamental right is implicated, judicial action is subject to the strict-scrutiny standard but where a fundamental right is not implicated, the governmental action is subject only to the rational-basis test. *Mallan*, 86 Haw. at 451, 950 P.2d at 189. We also know from *Troyer vs. Adams*, 102 Haw. 399, 433-434, 77 P.3d 83, 117-118 (2003), that "due process is not a fixed concept requiring a specific procedural course in every situation (citation omitted). Rather, due process is flexible and calls for such procedural protections as the particular situation demand. (citation omitted) The basic elements of procedural due process require notice and an opportunity to be heard at a meaningful time and in a meaningful manner." A substantive challenge to state action is either that the state action is facially or as applied, invalid under the Due Process Clauses of the Constitution. *In re Herrick and Irish*, 82 Haw. 329, 345, 922 P.2d 942, 958 (1996).

7. Certainly, there is no dispute that the right to access courts and to petition the government for redress of grievances is a fundamental right, protected by the First Amendment to the U. S. Constitution. *California Motor Transport Co. vs. Trucking Unlimited*, 404 U.S. 508, 510, 92 S.Ct. 609, 612 (1972). The right to access courts is a fundamental, constitutional right under our constitution.

*Lewis vs. Casey*, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996). The right to sue implicates the equal protection provisions of our constitutions. *Long vs. District Court of Iowa, Lee County, Iowa*, 385 U.S. 192, 194, 87 S.Ct. 362, 364 (1966). These cases are merely enforcing the amendment to the U. S. Constitution which provides, in pertinent part: "Congress shall make no law . . . abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

      8.      Since the counterclaim became property of the estate upon filing of the bankruptcy action, only the bankruptcy trustee or the trustee's attorney can sign the stipulation for dismissal of the counterclaim. It is also argued at this time that without the appearance of the bankruptcy trustee in this proceeding, it is unknown whether the debtor's attorney or the trustee is the proper party to sign the dismissal of the original action and the consolidated claim between Hickam and CUMIS.

      9.      Hickam's seven cases recently cited do not concern the foregoing legal arguments but only deal with the automatic-stay provisions of 11 U.S.C. § 362. Therefore, the Hickam argument on p. 3 of its latest memorandum arguing that the key issue here is whether this is a proceeding against the debtor that would violate the automatic stay, is wrong. Instead, the pivotal issues at this stage of the

proceeding turn on whether the trustee has been notified and decided whether to enter an appearance in this case and proceed with prosecuting the claim, and secondly whether the trustee has decided to sign the stipulations dismissing the various claims after consulting with the trustee's own counsel and Keomalu's current counsel in this case. Hickam's cases do not address the positive provisions of 11 U.S.C . § 108 and Bankruptcy Rule 6009, allowing the trustee reasonable time to decide whether to pursue the claims by the debtor on behalf of the estate. Those cases do not directly deal with the constitutional objections raised in this memorandum about deprivation of property of the estate without due process. Hickam's seven cases do discuss in part the legal rule that 11 U.S.C. § 362 does not prevent the trustee from continuing to prosecute a pre-bankruptcy claim instituted by the debtor, *White vs. City of Santee*, 186 B.R. 700, 706 (9th Cir. BAP, 1995); and *In re Merrick*, 175 B. R. 333, 337-338 (9th Cir. BAP, 1994). In *Merrick*, the trustee did not appear in the action nor move the bankruptcy court for a stay of the state court proceeding, but the state court proceeding record was incomplete before the Ninth Circuit BAP.

    10.    In Hickam's case of *Crosby vs. Monroe County*, 394 F.3d 1328 (11th Cir., 2004), Crosby filed for Chapter 13 protection and, therefore, retained his standing to pursue the claims on behalf of the estate. 394 F.3d at 1331. Here,

Keomalu is not in a Chapter 13 proceeding, but is in a Chapter 7 proceeding; and, therefore, the trustee became the real party in interest if he chooses to do so to pursue property of the estate.

11.   In Hickam's cited case of *Trans Caribbean Lines, Inc. vs. Tracor Marine, Inc.*, 49 B. R. 360 (Bkcy. S. D. Fla., 1985), a stipulation for settlement and dismissal between the plaintiffs and defendant had not been received as expected, so the Court set the case for trial including the cross-claim of the bankruptcy parties Metalock and EMS.  The opinion does not indicate whether the Chapter 11 bankruptcy trustee entered an appearance in the case for the reorganization of Metalock and EMS.

12.   It is, therefore, respectfully submitted that, based upon the foregoing legal and factual analysis, the Court should not proceed with disposition of the motion to dismiss for lack of supplemental jurisdiction for at least 60 days to enable the bankruptcy trustee to decide what position should be taken on the case and whether to hire counsel under 11 U.S.C. § 327.  That may take some additional time to accomplish before the bankruptcy court.  It is clear that Hickam did not notice Bankruptcy Trustee Ron Kotoshirodo for the motion; and, therefore, proceeding without such notice violates the Fifth Amendment since Keomalu's attorney cannot sign the stipulation because only the trustee can do so now or

through an authorized attorney for the trustee.  The disposition on the motion must await the trustee's decision to proceed with this counterclaim or abandon it to the debtor.

DATED:  Honolulu, Hawaii, this 9th day of August, 2006.

       /s/ R. Steven Geshell
R. STEVEN GESHELL
Attorney for Counterclaim Plaintiff
 Daniel T. Keomalu