IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HICKAM FEDERAL CREDIT UNION, | ) ) | CIV. NO. 04-00511 JMS/BMK CIV. NO. 05-00510 JMS/BMK |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| CUMIS INSURANCE SOCIETY, INC., and DOES 1-10, | ) ) ) ) | ORDER GRANTING COUNTERCLAIM DEFENDANT HICKAM FEDERAL CREDIT UNION'S MOTION TO DISMISS |
| Defendants. | ) ) | COUNTERCLAIM |
| CUMIS INSURANCE SOCIETY, INC., | ) ) ) | |
| Third-Party Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| DANIEL KEOMALU, | ) ) | |
| Third-Party Defendant. | ) ) ) | |

ORDER GRANTING COUNTERCLAIM DEFENDANT HICKAM FEDERAL
CREDIT UNION'S MOTION TO DISMISS COUNTERCLAIM

On March 20, 2006, counterclaim defendant Hickam Federal Credit

Union ("Hickam") filed a motion to dismiss counterclaim plaintiff Daniel

Keomalu's counterclaim. Hickam contends that, because the court has dismissed the claims in the instant actions over which it had original jurisdiction, the court should decline to continue exercising jurisdiction over Keomalu's counterclaim pursuant to 28 U.S.C. § 1367(c). The court agrees and DISMISSES Keomalu's counterclaim against Hickam.

This court has subject matter jurisdiction over the instant cases due to the diversity of citizenship between Hickam and Cumis and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. Cumis filed a third-party complaint against Keomalu, who in turn filed a counterclaim against Hickam. Keomalu and Hickam are both citizens of Hawaii, and Keomalu's counterclaim asserts causes of action based on state law. The court thus has supplemental jurisdiction over Keomalu's counterclaim. 28 U.S.C.§ 1367(a).

Hickam and Cumis have since settled the actions over which the court has diversity jurisdiction. On May 30, 2006, a Stipulation and Order of Dismissal was entered terminating Cumis's third-party claim against Keomalu. On June 14, 2006, a Stipulation for Dismissal of Complaint was entered terminating with prejudice all of Hickam's claims against Cumis. In order to correct a procedural oversight in this stipulation, the court entered an order on August 24, 2006 granting Hickam's motion to dismiss its complaint against Cumis with prejudice.

As a result of these stipulations and orders, all claims between Hickam and Cumis have been dismissed and Cumis is no longer a party to the instant actions.

Section 1367(c)(3) states that "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" In the instant actions, the court has dismissed all claims over which it has original jurisdiction. The court declines to exercise supplemental jurisdiction over Keomalu's non-diverse, state-law counterclaim and therefore dismisses the counterclaim pursuant to § 1367(c)(3).

Keomalu filed a Chapter 7 bankruptcy petition on July 27, 2006. He contends that the court must stay his counterclaim and the pending motion to dismiss as a result of his bankruptcy petition. The court disagrees. The automatic stay provisions of 11 U.S.C. § 362 do not apply to lawsuits initiated by the debtor. *White v. City of Santee*, 186 B.R. 700 (B.A.P. 9th Cir. 1995); *Merrick v. Whitmore*, 175 B.R. 333 (B.A.P. 9th Cir. 1994). The court declines to enter a discretionary stay under these circumstances, particularly given the fact that the issues presented in Keomalu's counterclaim have already been decided by a state court. No position taken by the trustee would alter the court's decision not to exercise supplemental jurisdiction over these cases.

As this order disposes of all outstanding matters in these cases, the clerk of the court is instructed close both case files.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 30, 2006.



_/s/ J. Michael Seabright_
J. Michael Seabright
United States District Judge

*Hickam Federal Credit Union v. Cumis Insurance Society, Inc., et al*, Civ. No. 04-00511 and 05-00510 JMS/BMK, Order Granting Counterclaim Defendant Hickam Federal Credit Union's Motion to Dismiss Counterclaim